**FILED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STANLEY A. SLUPKOWSKI

FULL NAME

COMMITTED NAME (if different)
FMC 19289-083 BLDG 1-2

FULL ADDRESS INCLUDING NAME OF INSTITUTION
FEDERAL MEDICAL CENTER

P.O. BOX 4000 ROCHESTER MN 55903

PRISON NUMBER (if applicable)
FMC 19289-083

Case: 1:07-cv-02344
Assigned To : Roberts, Richard W.
Assign. Date : 12/26/2007
Description: Pro Se General Civil

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY A. SLUPKOWSKI

                                    PLAINTIFF,

            v.

THE UNITED STATES OF AMERICA
                        DEFENDANT(S).

CASE NUMBER

_To be supplied by the Clerk_

CIVIL RIGHTS COMPLAINT
PURSUANT TO (Check one)
42:1983, 42:1997.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DEC 2 6 2007

RECEIVED

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner INMATE ☒ Yes ☐ No

2.  If your answer to "1." is yes, how many?  (6) OF THIS NATURE

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

PURSUANT TO 28:1915 N 14.  WHO IS A "PRISONER" INMATE AT MENTAL INSTITUT-ION, WHO WAS BEING HELD PURSUANT TO FINDING THAT HE WAS NOT GUILTY BY REASON OF INSANITY, 18:4243, WAS NOT PRISONER WITHIN MEANING OF PRISON LITIGATION REFORM ACT (PLRA), SUBJECTING HIM TO INMATE-ACCOUNTING PROCEDURES OR THREE STRIKE RULE; RATHER HE WAS MENTAL PATIENT.  KOLOCOTRONIS V MORGAN (2001, CA8 MO) 247 F3D 726, 49 FR SERV 3 D 3.

PURSUANT TO 28:1915 N 14.  WHO IS "PRISONER" AGREEING WITH OTHER CIRCUITS, COURT FOUND PRISON LITIGATION REFORM ACTS (PLAR), STRAIGHTFORWARD DEFINITION OF "PRISONER" TO APPLY ONLY TO PERSONS INCARCERATED AS PUNISHMENT FOR CRIMINAL CONVICTION; CIVIL DETAINEE SIMPLY DOES NOT FALL UNDER 28:1915'S DEFINITION OF "PRISONER" BY WHICH STATUTE MEANS PERSONS INCARCERATED FOR VIOLATIONS OF CRIMINAL LAW OR TERMS AND CONDITIONS OF PAROLE, PROBATION, PRETRIAL RELEASE, OR DIVERSIONARY PROGRAM, AND CIVIL DETENTIONS IS BY DEFINITION NON-PUNITIVE.  TROVILLE V VENZ (2002, CallFLA) 303 F3D 1256, 15 FLW FED C 950.

PURSUANT TO 28:1915 N 14.  WHO IS A "PRISONER" FEE REQUIRMENTS OF PRISON LITIGATION REFORM ACT DO NOT APPLY TO RESIDENT ALIENS PETITION FOR REVIEW OF DEPRTATION ORDER BECAUSE INCARCERATED ALIEN FACING DEPORT-TATION IS NOT "PRISONER" FOR PURPOSE OF (PLRA).  LAFONTANT V INS (1998, APP DC) 328 US APP DC 359, 135 F3D 158.

ALL SIX PETITIONS WERE FILED IN THE UNITED STATES COURT OF FEDERAL CLAIMS IN WASHINGTON D.C.  THE WARDEN BEELER OF FMC BUTNER NC., HAD THEM RETURNED TO HIS CUSTODY TO BE ANSWERED BY HIS OFFICERS AND STAFF IN EDNC RALEIGH NC.,

a.  Parties to this previous lawsuit:
Plaintiff STANLEY A. SLUPKOWSKI (RULE 23 CLASS ACTION REQUEST)

Defendants ALL SIX REGIONAL DIRECTORS OF THE SIX REGIONS OF THE
BUREAU OF PRISONS FOR THE DEPARTMENT OF JUSTICE OF THE UNITED STATES

b.  Court UNITED STATES COURT OF FEDERAL CLAIMS WASHINGTON D.C.
WARDEN BEELER CONSFICATED THE PETITIONS AND HAVE THEM AT FMC BUTNER NC.,

c.  Docket or case number NO CASE NUMBER ASSIGNED

d.  Name of judge to whom case was assigned N/A

e.  Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it
appealed? Is it still pending?) PETITIONER HAS FILED FOR PROCEEDINGS IN DISTRICT
EDNC RALEIGH CASE NO ASSIGNED 5:07-CT-3158-FL

f.  Issues raised: FALSE IMPRISONMENT, WAREHOUSING AND DENIAL OF MEDICAL TREAT-
MENT, TO ALL INMATES OF MENTAL HEALTH THROUGH OUT BUREAU OF PRISONS
TO TERMINATE MENTAL HEALTH NON-PUNITIVE TO SECRETARY OF HEALTH AND
HUMAN SERVICE, VETEANS AFFAIRS AND STATE CUSTODY    20 APR 2006

g.  Approximate date of filing lawsuit:

h.  Approximate date of disposition WARDEN BEELER FMC BUTNER NC,., CONFISCATED THE
PETITIONS, AND HAS THEM FOR EXPLAINING IN EDNC RALEIGH NC., WITH
PRESIDENT, GOVERNOR, CONGRESSMAN, AND SENATOR OF NC.,

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred? ☐ Yes ☒No ADMINISTRATIVE REMEDIES ARE ONLY AVAILABLE TO
PRISONERS PURSUANT TO (PLRA) NOT TO CIVILLY COMMITED OR MEDICAL COMMITED

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes ☒ No

If your answer is no, explain why not CIVILLY COMMITED ARE NOT PRISONERS PURSUANT
PRISONERS LITIGATION REFORM ACT, CIVILLY COMMITED AND MEDICALLY COMMITED
ARE NOT IN CUSTODY FOR PUNITIVE ACTIONS, FOR TREATMENT ONLY.

3.  Is the grievance procedure completed? ☐ Yes ☐ No

If your answer is no, explain why not

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff STANLEY A. SLUPKOWSKI CLASS ACTION
(print plaintiff's name)

who presently resides at FEDERAL MEDICAL CENTER P.O. BOX 4000 ROCHESTER MN., 55903
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
CUSTODY OF THE U.S. ATTORNEY GENERAL AND BUREAU OF PRISONS U.S.
(institution/city where violation occurred)

on (date or dates)  1 JUL 1789 , 25 JUN 1948 , 15 JAN 2007
                    ‾‾‾‾‾‾‾‾‾‾      ‾‾‾‾‾‾‾‾‾‾‾       ‾‾‾‾‾‾‾‾‾‾‾
                     (Claim I)       (Claim II)        (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant  SECRETARY OF HEALTH AND HUMAN SERVICE _____ resides or works at
              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (full name of first defendant)
              200 INDEPENDENCE AVENUE S.W. WASHINGTON D.C. 20201
              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (full address of first defendant)

              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
U.S. ATTORNEY GENERAL SHALL CONSULT WITH THE SECRETARY OF HEALTH
AND HUMAN SERVICE IN THE GENERAL IMPLEMENTATION OF THE PROVISIONS OF
THIS CHAPTER AND IN THE ESTABLISHMENT OF STANDARDS FOR FACILITIES USED
IN THE IMPLEMENTATION OF THIS CHAPTER 18:4141-4248

2. Defendant  SECRETARY OF VETERANS AFFAIRS _____ resides or works at
              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (full name of first defendant)
              810 VERMONT AVENUE N. W. WASHINGTON D.C. 20420
              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (full address of first defendant)

              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
U.S. ATTORNEY GENERAL SHALL CONSULT WITH THE SECRETARY OF VETERANS
AFFAIRS IN THE GENERAL IMPLEMENTATION F THE PROVISIONS OF THIS CHAPTER
AND THE ESTABLISHMENT OF STANDARDS OF FACILITIES USED IN THE
IMPLEMENTATION OF THIS CHAPTER 18:4241-4248

3. Defendant  SECRETARY OF JUSTICE (U.S. ATTORNEY GENERAL) resides or works at
              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (full name of first defendant)
              950 PENNSYLVANIA AVENUE N.W. WASHINGTON D.C. 20530
              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (full address of first defendant)

              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
THE ATTORNY GENERAL MAY CONTRACT WITH A STATE OF FEDERAL AGENCY (VA)
A POLITICAL SUBDIVISION, A LOCALITY, OR A PRIVATE AGENCY FOR THE CONFINE-
MENT, HOSPITALIZATION, CARE, OR TREATMENT OF OR THE PROVISION OF
SERVICES TO A PERSON COMMITTED TO HIS CUSTODY PURSUANT TO THIS CHAPTER
18:4241-4248, RELEASE TO STATE OF CERTAIN OTHER PERSON, FEDERAL AGENCY
(VETERANS AFFAIRS), DISCHARGE, to LEGAL REPRESENTATIVE, LEGAL GUARDIAN
OF UNDER VETERANS AFFAIRS AND SOCIAL SECURITY A FIDUCIARY

4. Defendant  DIRECTOR BUREAU OF PRISONS U.S. _____ resides or works at
(full name of first defendant)
C/O 950 PENNSYLVANIA N.W. WASHINGTON D.C. 20530
(full address of first defendant)
DEPARTMENT OF JUSTICE OF THE UNITED STATES
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☒ official capacity.

Explain how this defendant was acting under color of law DIRECTOR OF A FACILITY IN WHICH A PERSON IS HOSPITALIZED CERTIFIES THAT A PERSON IN THE CUSTODY OF THE BUREAU OF PRISONS WHOSE SENTENCED IS ABOUT TO EXPIRE, OR WHO HAS BEEN COMMITTED TO THE CUSTODY OF THE ATTORNEY GENERAL PURSUANT TO SECTION 4241(D) OR AGAINST WHOM ALL CRIMINAL CHARGES HAVE BEEN DISMISSED SOLELY FOR REASONS RELATED TO MENTAL CONDITIONS, SHALL FILE STAY OR RELEASE. FOR CHARGES DIMSISSED WITHOUT PREJUDICE,
5. Defendant  HEARING FOR RELEASE PURSUANT TO 18:4247(D). resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law: _____

_____

_____

DIRECTOR OF FACILITIES ARE NOT FILING CERTIFICATES FOR HEARING TO DETERMINE, DISEASE, DEFECT OR DANGEROUSNESS TO BE ASSIGNED A 4243 OR 4246, BEFORE SPECIAL VERDICT AND ASSIGNMENT OF 4243 OR 4246. DIRECTOR OF FACILITIES ARE NOT FILING CERTIFICATES FOR HEARING TO THE RELEASE OF INDIVIDUALS WHOSE CHARGES WERE DISMISSED WITHOUT PREJUDICE (WITHOUT DUE TO MENTAL CONDITIONS AND RELASED FROM CUSTODY).
DISTRICT COURTS ARE NOT HOLDING HEARINGS PURSUANT TO 4241(D) OR 4247(D) DISPOSITION HEARING TO DETERMINE RELEASE OR COMMITMENT.
ACTIONABILITY, UNDER 42:1983 OF CLAIMS AGAINST PERSONS OTHER THAN POLICE OFFICERS FOR UNLAWFUL ARREST OR IMPRISONMENT 44 ALR FED 225. FALSE IMPRISONMENT IN CONNECTION WITH CONFINEMENT IN NURSING HOME OR HOSPITAL 4 ALR4TH 449. VALIDITY OF GUARDIANSHIP PROCEEDING BASED ON BRAINWASHING OF SUBJECT BY RELIGIOUS, POLITICAL OR SOCIAL ORGANIZATION 44 ALR4TH 1207. EXCESSIVENESS OR INADEQUACY OF COMPENSATORY DAMAGES FOR FALSE IMPRISONMENT OR ARREST 48 ALR4TH 165. LIABILITY OF POLICE OR PEACE OFFICERS FOR FALSE ARREST, IMPRISONMENT, OR MALICIOUS PROSECUTION AS AFFECTED BY CLAIM OF SUPPRESSION, FAILURE TO DISCLOSE,OR FAILURE TO INVESTIGATE EXCULPATORY EVIDENCE 81 ALR4TH 1031. WHERE A COURT IS WITHOUT JURISDICTION OVER THE CURRENT AND SUBJECT MATTER, BUT ASSUMES IT OR WHERE THE RULES WHICH AN IN-FERIOR COURT ARE BOUND TO ADOPT ARE DEVIATED FROM SO FAR THAT THE PRO-CEEDINGS ARE CORAM NON JUDICE, AND THE LIBERTY OF THE CITIZEN HAS BEEN RESTRAINED BY ITS PROCESS OR JUDGMENT, TRESPASS FOR FALSE IMPRISONMENT FOR FALSE IMPRISONMENT IS THE PROPERTY REMEDY. DYNES V HOOVER 20 HOW 65 15 L ED 838

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

PURSUANT TO CAUSE OF COMMITMENT PURSUANT TO JUDICIAL ACT OF 1789, EVERY INDIVIDUAL IN CUSTODY HAS THE LEGAL RIGHT TO KNOW IN WRITTING WHAT THEY ARE DOING IN CUSTODY, AND WHAT TYPE OF CUSTODY AND DURATION OF OF THE CUSTODY. PURSUANT TO 18:4241 OR 4242 THE INDIVIDUAL IS TO BE NOTIFIED IN WRITTING THE CLASSIFICATION AND DURATION OF THE CUSTODY TO THE U.S. ATTORNEY GENERAL BY THE COURT, AND UPON ARRIVAL BY THE DIRECTOR OF THE FACILITY FOR THE CUSTODY OF THE INDIVIDUAL. NEITHER THE COURT NOR THE DIRECTOR OF THE FACILITY OF INCARCERATION IS PROVIDING ANYONE ANY INFORMATION CONCERNING THE CUSTODY. INDIVIDUALS IN THE UNITED STATES IS PLACED IN CUSTODY OF THE U.S. ATTORNEY GENERAL FOR INCARCERATION FOR PUNISHMENT AND NON PUNISHMENT. BOTH ARE TO BE SEPERATE FROM EACH OTHER THE U.S. ATTORNEY GENERAL PLACES BOTH CATAGORIES IN THE SAME INCARCERATION POINT WITHOUT SEPERATION. NON PUNITIVE INCARCERATION HAS TO FOLLOW THE SAME RULES OF PUNITIVE INCARCERATION WHICH IS ILLEGAL. PUNITIVE INCARCER- ATION IS TO BE INACCORDANCE WITH (PLRA) TITLE 18:GENERALLY NON PUNITIVE ARE TO BE INACCORDANCE WITH CIVILLY COMMITED PURSUANT TO 42:GENERALLY

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

CIVILLY COMMITED AND PLACED INCARCERATION WITH PRISONERS AS DEFINED BY THE (PLRA), VIOLATES THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION AS CRUEL AND UNUSUAL PUNISHMENT AND AT TIMES INHUMAN. MENTAL HEALTH OF THE BUREAU OF PRISONS HAS MANY SITUATIONS WHICH DEPENDS ON THE FACILITY. FIRST MENTAL HEALTH WAS ONLY IN CONTROLLED HOUSING AT THE MEDIUMS, NOW AT THE FEDERAL MEDICAL CENTERS ARE NOT RUN THE SAME. BUTNER NC FMC IS ADMINISTRATIVE SEGREGATION 12-16 HOURS DAILY LOCKDOWN IN TWO MAN CELLS SEGREGATION 24/7 LOCKDOWN, DISCIPLINARY SEGREGATION 24/7 LOCKDOWN ADMIN- ISTRATIVE DETENTION 24/7 LOCKDOWN THIS IS ALL MENTAL HEALTH. THERE IS NO ISOLATED LOCKDOWN AREA (GENERAL POPULATION ISOLATED AREA), FMC ROCHESTER MN., HAS A MURRPHY AREA WHICH IS A GENERAL POPULATION ISOLATED AREA), THE MEDIUMS AND FMC BUTNER NC., DO NOT. FMC ROCHESTER MN., ALSO HAS A SHORT DISPIPLINARY SEGREGATION CALLED (SPECIAL HOUSING UNIT), CIVILLY COMMITED ARE NOT TO BE IN DISCIPLINARY SEGREGATION OR SPECIAL

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

HOUSING UNIT. BUREAU OF PRISONS ALSO CALLS DISCIPLINARY SEGREGATION
UNIT SECULUSION, THIS UNIT WOULD BE RELATED TO (ISOLATED GENERAL
POPULATION), AS MURRPHY UNIT AT FMC ROCHESTER MN.,.

CIVILLY COMMITED SHOULD NOT BE CUSTODY OF THE U.S. ATTORNEY
GENERAL, SINCE THE ESTABLISHMENT OF SECRETARY OF HEALTH AND HUMAN SERVICES,
ET SEQ., AT THE TIME OF THE BIRTH OF OUR COUNTRY THE U.S. CONGRESS DID
ESTABLISH THE DEPARTMENT OF JUSTICE WITH THE UNITED STATES ATTORNEY
GENERAL RESPONSIBLE FOR CUSTODY OF PUNITIVE AND NON PUNITIVE CUSTODY,
SINCE THE ESTABLISHMENT OF THE SECRETARY OF HEALTH AND HUMAN SERVICE
THIS SECRETARY SHOULD HAVE CUSTODY OF ALL NON PUNITIVE, CIVILLY COMMITED
INDIVIDUALS FOR INCARCERATION AND NOT THE U.S. ATTORNEY GENERAL OR
BUREAU OF PRISONS. THE U.S. ATTORNEY GENERAL SHOULD HAVE CUSTODY OF
PRE-TRIAL DETAINEES,TO INCLUDE EVALUATIONS WHICH COULD NOT BE ACCOMPLISHED
AT THE ORIGINAL DISTRICT COURT. NON-PUNITIVE INCARCERATION IS THE
ADMINISTRATIVE DETENTION FOR PURPOSE OF EVALUATIONS, PRE-TRIAL, PERSONAL
SAFETY, WITNESS PROTECTION PROGRAM, HIGH RISK PERSONS.

ONCE THE INDIVIDUAL HAS RECEIVED A SPECIAL VERDICT OF INSANITY,
AT THE TIME OF THE OFFENSE OR SUFFERING FROM MENTAL DEFECT OR DISEASE
AND ALL CHARGES DISMISSED DUE TO MENTAL CONDITION. OR WHOM HAS FINISHED
THE SENTENCED TIME AND IS DETERMINED TO BE DANGEROUSNESS TO SELF AND
OTHERS SHOULD BE COMMITED TO THE SECRETARY OF HEALTH AND HUMAN SERVICE,
WITH GUILTY BY REASON OF INSANITY 18:4243 OR DANGEROUSNESS TO SELF AND
OTHERS, SUFFERING FROM DEFECT OR DISEASE 18:4246, TO TRANSFERED TO THE
CUSTODY OF THE SECRETARY OF HEALTH AND HUMAN SERVICE AND NOT TO THE
CUSTODY OF THE U.S. ATTORNEY GENERAL. IF A PERSONS CHARGES ARE DISMISSED
WITHOUT PREJUDICE OR WITH PREJUDICE AND A SPECIAL VERDICT OF INSANITY,
A DISPOSITION HEARING PURUSANT TO 18:4241(D), 18:4243(D) BURDEN OF PROFF
18:4247(D) DISPOSITION HEARING FOR RELEASE 18:4241 PENDING INPENDING
INDICTMENT DISMISSED WITHOUT PREJUDICE, A DISPOSITION RELEASE HEARING.
FOR REASSIGNMENT OF 4241 OR 4242 OR 4243 OR 4244 OR 4245, A DISPOSITION
HEARING PURSUANT TO 18:4247(D) FOR ASSIGNMENT AS 4246 INDEFINITE PERIOD.
THE DISTRICT COURT DOES NOT HOLD HEARING PURSUANT TO 18:4241(D), 4243(D)
4247(D), OR ALLOWS INDIVIDUALS TO ATTEND THEIR COMMITMENT HEARING, THE
PETITIONER PENDING INDICTMENT WAS DISMISSED WITHOUT PREJUDICE SHOULD OF
HAD A DISPOSITION HEARING PURSUANT TO 4247(D) DISPOSITION HEARING AND
RELEASED WITHIN TEN DAYS TO THE VETERANS AFFAIRS PURSUANT TO VITEK V.
JONES. INSTEAD THE BUREAU OF PRISONS AND DISTRICT COURT RALEIGH NC.,

CONTINTUTION OF CLAIM II DEFENDANT DID TO VIOLATE YOUR RIGHTS.

HELD AN ILLEGAL PROCEEDING WITHOUT THE PRESENCE OF THE PETITIONER,
THE PETITIONERS ATTORNEY POSTCONVICTIONS OF ATLANTA GA., NEVER PROVIDED
THE PETITIONER OR THE POSTCONVICTIONS ANY PETITIONS OF THE HEARING,
THE PETITIONER DID NOT FIND OUT OF BEING INDEFINITE PERIOD AS A 18:4246,
UNTIL 22 MAY 2007, THE DOCKET SHEET ALSO STATED THE PETITIONER WAS STILL
A 18:4241, THE ONLY COMMITMENT THE PETITIONER KNEW ABOUT WAS AS 4241,
PENDING ACCEPTENCE AT VETERANS AFFAIRS FACILITY FOR CONTINTUTION OF
TREATMENT.  THE STAFF AND OFFICERS IN 14 YEARS 7 MONTHS AND SEVEN DAYS
AS OF 5 DEC 2007, NEVER SUBMITTED ONE REQUEST FOR PLACEMENT IN STATE,
(WHICH THE STATE OF IL., AND WASHINGTON D.C. WOULD TOLD BUREAU OF PRISONS
THE PETITIONER WAS UNDER THE VETERANS AFFAIRS), OR VETERANS AFFAIRS.
THE PETITIONER FILED FOR THREE CAUSES OF COMMITMENT PURSUANT TO JUDICIAL
ACT OF 1789, NONE HELD ONLY IN OVER 14 YEARS ON 5 DEC 2007, A STATUS
HEARING WITH DISTRICT COURT RALEIGH NC., TELEVISED, THE PETITIONER WAS
ALREADY INFORMED THE PETITIONER WAS NOT BEING RELEASED ON 20 OCT 2007.
FMC ROCHESTER MN.,.  ON 20 OCT 2007 THE PETITIONER FILED WITH APPEALS
COURT RICHMOND VA., TO APPEAL THE ILLEGAL INDEFINITE PERIOD COMMITMENT
OF 18:4246.  FILED WITH DISTRICT COURT RALEIGH NC., A CONDITIONAL DISCHARGE
(1) DISMISSAL OF COMMITMENT 18:4241, (2) TRANSFER TO VETERANS AFFAIRS
FOR CONTINTUTION OF MEDICAL TREATMENT AND (3) NOT TO BE RETURNED TO
CUSTODY UNLESS PETITIONER VIOLATES FEDERAL, STATE OR LOCAL LAW.  NO
RESPONSE FROM DISTRICT COURT RALEIGH NC., CONCERNING THE CONDITIONAL
DISCHARGE, NO RESPONSE OF ACCEPTANCE OF APPEAL OF INDEFINITE PERIOD
COMMITMENT PURSUANT TO 18:4246.

        THE 4242 AND 4243, PROCEEDINGS IS TO RESPOND TO SHANNON V UNITED
STATES. 512 US ___, 129 L ED 2D 459, 114 S CT 2396.  THE 4244, 4245,
4141 DISMISSAL OF CHARGES DUE TO MENTAL CONDITION 4246, SUBJECT FOR
RELEASE AFTER COMPLETING OF MANDATORY TIME OR SENTENCE PROCEEDINGS
IS TO RESPOND TO WASHINGTON V HARPER (1990) 494 US 210, 108 L ED 2D
178, 110 S CT 1028, FOR INDIVIDUALS STILL SURRERING, BY DANGERNOUSNESS,
DEFECT OF DISEASE.  4141 PENDING INDICTMENT DISMISSED WITHOUT PREJUDICE
AND 4245, MAYBE DANGERNOUSNESS, HAVE SOME DISEASE OR DEFECT , OR 4241
WITHOUT CHARGES PROCEEDINGS IS PURSUANT TO VITEK V JONES, (1978) 436
US 407, 56 L ED 2D 381, 98 S CT 2276 AND VITEK V JONES (1980) 445 US
480, 63 L ED 2D 552, 100 S CT 1254.  (CONDITIONAL DISCHARGE, INVOLUNTARY
TREATMENT STATE OR FEDERAL (VETERANS AFFAIRS), AGENCY.

## D. CLAIMS*

## CLAIM I I

The following civil right has been violated:

MISCELLANEOUS PROVISIONS ACT JUNE 25 1948C 646, §§ 2 TO 39, 62 STAT 985 TO 991, AS AMENDED. SECTION 2 IN EVERY CIVIL ACTION BROUGHT IN ANY DISTRICT COURT OF THE UNITED STATES UNDER ANY SAID ACTS, WHEREIN THE UNITED STATES IS COMPLAINANT, AN APPEAL FROM THE FINAL JUDGMENT OF THE DISTRICT COURT WILL LIE ONLY TO THE SUPREME COURT. TITLE 28. ACT JUN 25 1948 SEC 2 PG (1229), SEC 86 PG (1228) THE LAWS OF THE UNITED STATES RELATING TO REMOVAL OF CLAUSES, APPEALS AND OTHER MATTERS AND PROCEEDINGS AS BETWEEN THE COURTS OF THE UNITED STATES AND THE COURTS OF THE SEVERAL STATES SHALL GOVERN IN SUCH MATTERS AND PROCEEDINGS AS BETWEEN THE COURTS OF THE UNITED STATES AND THE COURTS OF THE TERRITORY OF HAWAII. SEC 42 PG (1230) ALL PLEADINGS AND PROCEEDINGS IN THE DISTRICT OF PUERTO RICO AND THE COURTS OF PUERTO RICO SHALL BE CONDUCTED IN THE ENGLISH LANGUAGE, SAME STATEMENT OF SEC 86 PG (1229) ALSO APPLIES TO SEC 42. SEC 6 PG (1231 WHENEVER ANY CLAIMANT UNDER THIS ACT IS DISSATISFIED WITH THE ACTION OF A DEPARTMENT OR AGENCY OF THE GOVERNMENT IN EITHER GRANTING OR DENYING HIS CLAIM, SUCH CLAIMANT SHALL HAVE THE RIGHT TO

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

THE RESPONDENT DENIES THE PETITIONER DUE PROCESS OF THE 1ST, 4TH, 5TH, 6TH, 8TH, 9TH, 11TH, 13TH, 14TH, AMENDMENTS OF THE U.S. CONSTITUTION. NO HEARINGS, OR LEGAL PROCEEDINGS IN 14 YEARS 7 MONTHS AND 15 DAYS WAS THE FIRST STATUS HEARING OF ANY SORT IN 15 YEARS ON 5 DEC 2007, NOTHING WHERE THE PETITIONER WAS AWARE OF OR ALLOWED TO ATTEND THE PROCEEDINGS, PRISONER LITIGATION REFORM ACT PERTAINS TO PRISONER SENTENCED, INCARCERATED FOR PUNITIVE REASONS. CIVILLY COMMITED ARE NON PUNITIVE INCARCERATED. PUNITIVE INCARCERATED IS TO BE TREATED SEPERATE AND DIFFERENTLY THEN NON PUNITIVE INCARCERATED. BUREAU OF PRISONS AND THE DISTRICT COURTS HOUSE AND TREAT THE PUNITIVE AND NON PUNITIVE IN THE SAME WAY AND HOUSE THE TOGETHER. NON PUNITIVE ARE SUBJECT TO DISCIPLINARY PROCEEDINGS, AND PLACESED IN DISCIPLINARY SEGREGATION, SEGREGATION, SPECIAL HOUSING UNITES ADMINISTRATIVE SEGREGATION, AND ADMINISTRATIVE DETENTION ILLEGALLY THESE ARE FOR ONLY PUNITIVE INCARCERATED NOT PUNITIVE INCARCERATED, THEY ARE TO BE PLACED IN ISOLATED, LOCKED DOWN GENERAL POPULATION AREAS, AREAS OF

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CIVILLY COMMITED IN MOST STATE FACILITIES AND OTHER FEDERAL AGENCIES
(VETERANS AFFAIRS) (90) TO (180), THE INDIVIDUALS CIVILLY COMMITED ARE
BACK IN SOCIETY AS A PRODUCTIVE MEMBER, BUREAU OF PRISONS AND THE DISTRICT
COURTS WAREHOUSE INDIVIDUALS FOR DECADES, AND THEN PLACES THEM ON PROBATION
ILLEGALLY FOR YEARS TO COME WHICH IS STILL CONFINEMENT.  CIVILLY COMMITED
SHOULD BE TURNED OVER TO THE STATE OR FEDERAL AGENCY (VETERANS AFFAIRS)
FOR CONTINTUTION OF TREATMENT AND MONITORING OF CASE.  THIS PURSUANT TO
18:4247(I)(A) AUTHORITY AND RESPONSIBILITY OF THE ATTORNEY GENERAL, (A)
MAY CONTRACT WITH A STATE, OR FEDERAL AGENCY (VETERANS AFFAIRS), A POLITICAL
SUBDIVISION, A LOCALITY OR A PRIVATE AGENCY FOR THE CONFINEMENT HOSPITALIZ-
ATION CARE OR TREATMENT OF OR THE PROVISION OF SERVICES TO A PERSON
COMMITTED TO HIS CUSTODY PURSUANT TO THIS CHAPTER. (B) MAY APPLY FOR THE
CIVIL COMMITMENT, PURSUANT TO STATE LAW, OR OTHER FEDERAL LAW TO OTHER
FEDERAL AGENCY (VETERANS AFFAIRS) OF A PERSON COMMITED TO HIS CUSTODY
PURSUANT TO SECTION 4243, 4246, OR 4248, (C) SHALL BEFORE PLACING A
PERSON IN A FACILITY PURSUANT TO THE PROVISION OF SECTION 4241, 4243,
4244, 4245, 4246, OR 4248, CONSIDER THE SUITABILITY OF THE FACILITYS
REHABILITATION PROGRAMS IN MEETING THE NEEDS OF THE PERSON AND, (D) SHALL
CONSULT WITH THE SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICE
IN THE GENERAL IMPLEMENTATION OF THE PROVISIONS OF THIS CHAPTER AND IN
THE ESTABLISHMENT OF STANDARDS FOR FACILITIES USED IN THE IMPLEMENTATION
OF THIS CHAPER.  SENTENCED 4244 AND 4245 CAN BE PLACED UNDER PROBATION
UPON COMPLETION OF TIME SERVED OR AUTHORIZED PAROLE.  ALL OTHERS 4241,
4243,  4246, 4248, ARE TO BE TURNED OVER TO THE STATE AND NOT THE OFFICE
OF PROBATION.  PURSUANT TO 18:4248(G) WHICH SHOULD APPLY TO ALL CIVILLY
COMMITED READS: RLELEASE TO STATE OF CERTAIN OTHER PERSONS, IF THE DIRECTOR
OF THE FACILITY IN WHICH A PERSON IS HOSPITALIZED OR PLACED PURSUANT TO
THIS CHAPTER CERTIFIES TO THE ATTORNEY GENERAL THAT AP PERSON, AGAINST
WHOM ALL CHARGES HAVE BEEN DISMISSED FOR REASON **NOT RELATED TO MENTAL
CONDITION** OF THE PERSON, IS A DANGEROUS PERSON, THE ATTONEY GENERAL SHALL
RELEASE THE PERSON TO THE APPROPRIATE OFFICIAL OF THE STATE OF OTHER
FEDERAL AGENCY (VETERANS AFFAIRS), OF THE STATE IN WHICH THE PERSON IS
DOMICILED OR WAS TRIED FOR THE PURPOSE OF INSTITUTION OF STATE PROCEEDINGS
FOR CIVIL COMMITMENT.  IF NEITHER SUCH STATE WILL ASSUME SUCH RESPONSIBILITY
THE ATTORNEY GENERAL SHALL RELEASE THE PERSON UPON RECEIPT OF NOTICE FROM
THE STATE THAT IT WILL NOT ASSUME SUCH RESPONSIBILITY, BUT NOT LATER THEN
10 DAYS AFTER CERTIFICATION BY THE DIRECTOR OF THE FACILITY.

CONTINTUTUTION OF CLAIM II

ALLEGATION THAT PREINDICTMENT DELAY RESULTED IN DEPRIVATION OF DEFENDANTS
RIGHT TO FAIR AND SPEEDY TRIAL, WHICH ALLEGATION IS NOT TIMELY RAISED
IS NOT PROPERLY PRESERVED SO AS TO PERMIT REVIEW OF ALLEGATIONS.  UNITED
STATES V WILLIAMS (1979, CA8 MO) 604 F2D 1102.  CLAIM THAT DELAY
CONSTITUTES VIOLATION OF 18:3161 MUST BE FIRST RAISED IN DISTRICT COURT
UNITED STATES V TERCERO (1980, CA9 ARIZ) 640 F2D 190  CERT DEN (1981)
449 US 1084, 66 L RF 2D 809, 101 S CT 871.  DEFENDANT HELD IN CUSTODY
FOR UNREASONABLE LENGTH OF TIME WITHOUT HEARING MAY MOVE FOR RELIEF
UNDER RULE 12, BUT HE  IS NOT ENTITLED TO HAVE INDICTMENT DISMISSED
UNLESS DELAY IS SO GREAT AS TO AMOUNT TO DENIAL OF SPEDDY TRIAL.  UNITED
STATES VRACE (1961, DC MD) 192 F SUPP 714.  MOTION TO DISMISS INDICTMENT
BASED UPON PRESENCE OF UNAUTHORIZED PERSON BEFORE GRAND JURY MUST BE
MADE PRIOR TO TRIAL OR IT IS WAIVED.  UNITED STATES V CRISPINO (1975,
SD NY) 392 F SUPP 764, REVD  WITHOUT OP (1975, CA2 NY) 517 F2D 1395.
DEFECTS IN INSTITUTION OF PROSECUTION, IN FEDERAL CRIMINAL CASES, ALL
DEFENSES AND OBJECTIONS BASED ON DEFECTS IN INSTITUTION OF PROSECUTION
ARE NONJURISDICTIONAL AND DEFECTS IN INDICTMENT OR INFORMATION MUST BE
RAISED BEFORE TRIAL, OR ELSE ARE WAIVED; WAIVED CHALLENGE OF GRAND JURY
CANNOT BE ILITGATED COLLATERALLY.  UNITED STATES V HEARST (1980, CA9
CA) 638 F2D 1190, CERT DEN (1981) 451 US 938, 68 L ED 2D 325, 101 S CT 2018.
MOTION TO DISMISS ON GROUND OF SELECTIVE PROSECUTION MUST BE MADE PRIOR
TO TRIAL.  UNITED STATES V DION (1985, CA8 SD) 762 F2D 674, REVD IN PART
ON OTHER GROUNDS REMANDED (1986) 476 US 734 90 L ED 2D 767 106 S CT 2216,
16 ELR 20676.  DEFENSES FOR WHICH PRETRIAL ASSERTION IS MANDATORY RELATE
TO PROCEDURAL DEFECTS IN OBTAINING CHARGE AND TO DEFECTS IN INFORMATION
THAT GO TO MATTERS OF FORM RATHER THAN SUBSTANCE THAT USUALLY ARE APPARENT
ON FACE OF PLEADING; IN CONTRAST ARE AFFIRMATIVE DEFENSES CAPABLE OF
DETERMINATION WITHOUT TRIAL BY MOTION BUT ARE NOT WAIVED IF NOT BROUGHT
BEFORE TRIAL. UNITED STATES V SMITH (1989, CA9 ALASKA) 866 F2D 1092,
106 OGR 165.  ALTHOUGH RULE 12(B)(2) GRANTS COURT POWER TO SUS SPONTE
DISMISS INDICTMENT APPEARING INSUFFICIENT ON ITS FACE AND TO DISPENSE
WITH DEFENDANTS PRESENCE UPON HEARING PRETRIAL MOTIONS THERE IS NO
AUTHORITY FOR PROSPOSITION THAT TRIAL COURT MIGHT, WITHOUT DEFENDANTS
PRESENCE OR CONSENT, MAKE EVIDENTIARY DISPOSITION OF CRIMINAL CASE UPON
MOTION OF ATTORNEY ACTING WITHOUT DEFENDANTS KNOWLEDGE OR CONSENT. THE
PETITIONER FILED FOR DISPOSITION AND CLEARIFICATION OF CHARGES, THE
COURT NOTIFIED THE PETITIONER OF THE PENDING INDICTMENT WAS BEING DISMISSED

WITHOUT PREJUDICE, AND FOR THE DISTRICT COURT RALEIGH NC., TO HOLD
HEARING PURSUANT TO 18:3162 (SANCTIONS), AND DISPOSITION HEARING FOR
THE RELEASE OF THE PETITIONER FROM U.S. ATTORNEY GENERAL CUSTODY.  THE
PASSAGE OF 18:3162(A)(1)(2) IN DETERMINING WHETHER TO DISMISS THE CASE
WITH OR WITHOUT PREJUDICE, THE COURT SHALL CONSIDER, AMONG OTHERS EACH
OF THE FOLLOWING FACTORS, THE SERIOUSNESS OF THE OFFENSE, THE FACTS
AND CIRCUMSTANCES OF THE CASE WHICH LED TO THE DISMISSAL, AND THE IMPACT
OF A REPROSECUTION ON THE ADMINISTRATION OF THIS CHAPTER AND THE
ADMINISTRATION OF JUSTICE.  WHEN THE DISTRICT COURT RALEIGH NC., FAILED
TO HOLD THE ABOVE HEARING THE DISTRICT COURT OF ALEXANDRIA VA., ON
14 JUN 1994, DISMISSED THE PENDING INDICTMENT WITHOUT PREJUDICE AND
THE COURT ALREADY HAD REQUESTED RELEASE HEARING PURSUANT TO 18:4247(D),
DISPOSITION HEARING FOR THE RELEASE OF THE PETITIONER, THE PETITIONER
REQUESTED RELEASE HEARING, U.S. ATTORNEY KOCHER REQUESTED RELEASE HEARING
THE WARDEN REQUESTED A RELEASE HEARING, NO RELEASE HEARING WAS EVER
HELD.  THE FIRST STATUS HEARING AND ANY HEARING OF ANY SORT FOR THE
PETITIONER WAS 5 DEC 2007, 14 YEARS 7 MONTHS AND 15 DAYS AFTER BEING
DETAINED ON 20 APR 1993.

PURSUANT TO 4247 N7 OPPORTUNITY TO BE PRESENT, INMATE, WHO HAD
SAID HE WANTED TO BE PRESENT AT 18:4245 COMMITMENT HEARING, WAS NOT GIVEN
REQUISITE "OPPORTUNITY" TO BE PRESENT AT HEARING PURSUANT TO 18:4247,
EVEN THOUGH COUNSEL HAD ATTEMPETED TO CONTACT INMATE DURING RECESS OF
COMMITMENT HEARING AND INMATE WAS NON RESPONSIVE TO GUARDS EFFORTS TO
HAVE HIM COME TO PHONE, INMATE EITHER SHOULD HAVE BEEN BROUGHT TO COURT
OR COURT SHOULD HAVE TRAVELED TO FEDERAL MEDCIAL CENTER, UNITED STATES
V FRIERSON (2000 CAl MASS) 208 F3D 282.

NUMEROUS OF ILLEGAL PROCEEDINGS WERE HELD WITHOUT THE PETITIONERS
ACKNOWLEDEMENT, AWARENESS, ABILITY TO CHANLLENGE, APPEAR OR APPEAL THE
PROCEEDINGS AND DECISION, FROM 1993 THRU 2007.  ON 20 OCT 2007, AFTER
DISTRICT COURT RALEIGH NC., AND ALEXANDRIA VA., FAILED OR REFUSED TO
PROVIDE ANY TRANSACTIONS AGAINST THE PETITIONER, THE PETITIONER WITH THE
4TH CIRCUIT APPEALS COURT RICHMOND VA., FILED AN APPEAL CHALLENGING THE
4246 COMMITMENT OF 14 AUG 1994.  THE PETITIONER HAS FILED 2241 AND 1983
SINCE 1993 THRU PRESENT WITH 1331 AND 1997, WITH NO RESPONSE FOR OVER
FROM COURTS IN CA., IL., VA., NC., MD., WASHINGTON D.C. ON 15 DEC 2004
CASE MANAGER KING FMC BUTNER NC., TRIED TO RETURN OVER TEN YEARS OF
MAIL WHICH HE HAD IN STORAGE, AS UNDERLIVERABLE, FEDERAL, STATE, MUNICIPAL,

Case 1:07-cv-02344-RWR    Document 1    Filed 12/26/2007    Page 12 of 38

CONGRESS, SENATORS, SECRETARIES OF THE U.S. GOVERNMENT, AMBASSDORS,
THE PETITIONER REFUSED TO ACCEPT RETURNED LEGAL MAIL, ON 15 JAN 2005,
CORRECTION COUNSELOR MCKEITHEN TRIED TO RETURNT HE SAME RETURNED LEGAL
MAIL WHICH WAS UNDERDELIVERABLE, THE PETITIONER REFUSED TO ACCEPT THE
RETURNED LEGAL MAI. PHELPS V U.S. FEDERAL GOVERNMENT 15 F3D 735 (8TH
CIR 1994), FMC ROCHESTER MN., SAME PLACE THE PETITIONER IS CURRENT AT
AND THE PETITIONER AND PHELPS HAD THE SAME PROBLEM AT BUTNER NC., SPRING
FILED MO, DEVENS MASS, ROCHESTER MN., WITH THE U.S. MAIL BEING PLACED
IN STORAGE AND TRIED TO RETURN THE MAIL AS UNDELEIVERABLE, NOT ONLY
LEGAL MAIL, PERSONAL MAIL, SEIZED OUTGOING AND INCOMMING MAIL, OTHERS
HAVING THE SAME PROBLEM WITH THE U.S. MAIL SYSTEM ARE HARROD V HALFORD
773 F2D 234, 235-236 (8TH CIR 1985) (PER CURIAM), CERT DENIED, 476 U.S.
1143, 106 S CT 2254. 90 L ED 2D 699 (1986). THORNBURGH V ABBOTT, 490
U.S. 401 407 423 109 S CT 1874 1878 1881 104 L ED 2D 459 (1989);
BUMGARNER V BLOODWORTH 768 F 2D 297 301 (8TH CIR 1985) UNITED STATES
V WARD, 989 F 2D 1015 1017-18 (9TH CIR 1992) FERGUSON V CIR 921 F2D
588 589 (5TH CIR 1991) (PER CURIAM). IRON EYES V HENRY 907 F2D 810 813
(8TH CIR 1990). THE ONLY MAIL THE PETITIONER WILL ACCEPT IS INCOMMING
LEGAL MAIL, PERSONEL INCOMMING LEGAL MAIL, ANY LEGAL MAIL SENT AND DOES
NOT HAVE BEEN PROCESSED PURSUANT TO POSTAL REGULATIONS IS REJUECTED AS
NEVER HAVE LEFT THE FACILITY AND WAS PLACED IN STORAGE. BUREAU OF PRISONS
HAS A WHOLE BUNCH OF RUBBER STAMPS, WHICH ARE NOT POSTAL REJECTION,
REFUSAL NOTICES REJECTIONS. THE PETITIONER WORKS FOR THE U.S. GOVERNMENT
DEPARTMENT OF THE NAVY AND MARINE CORPS SINCE 1963, SIXTY PERCENT OF
THE PETITONERS SHIPPMENTS GO THRU THE U.S. MAIL SYSTEM COMMERCIAL TRANSIT
SYSTEM. THE PETITIONER HELP WRITE MANY OF THE POSTAL REGUALTIONS AND
MILSTAMP (TRANSPORTATION MANUAL FOR DEPARTMENT OF DEFENSE AGENCIES) AND
MILSTRIP (LOGISTICAL SUPPORT SYSTEM FOR THE DEPARTMENT OF EEFENSE), WHICH
IS COMPUTERIZED IN BOTH REGULATIONS.

   "42:1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS, EVERY PERSON WHO,
UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE OF
ANY STATE OR TERRITORY, SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY CITIZEN
OF THE UNITED STATES, OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE
DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONST-
ITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT
LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS. R.S. 1979."

CONTINTUTION OF COMPLAINT II   DEFENDAT DID TO VIOLATES YOUR RIGHTS

(1900, CA4 VA) 863 F2D 302, CERT DEN (1990) 494 US 1016, 108 L ED 2D
493, 110 S CT 1317.   PURSUANT TO: 18;4241(D) DETERMINATION AND DISPOSITION,
(2)(B) THE PENDING CHARGES AGAINST HIM ARE DISPOSED OF ACCORDING TO LAW:
WHICHEVER IS EARLIER, DUE TO MENTAL CONDITION IS THE PROCESS OF INDEFINITE
PERIOD AFTER HEARING PURSUANT TO 4247(D), IF CHARGES ARE DISMISSED
WITHOUT PREJUDICE THE PETITIONER IS RELEASED PURSUANT TO 18:3162.
PURSUANT TO 18:3161 RIGHT OF SPEEDY TRIAL RELEASE IF CHARGES DISMISSED
WITHOUT PREJUDICE, 18:3164 RELEASED (PERSONS DETAINED OR DESIGNATED AS
BEING OF HIGH RISK), AND FIRST DAY OF TRIAL NOT HELD WITHIN 90 DAYS OF
DETAINMENT IS TO BE RELEASED.   PURSUANT TO 8:1226A MANDATORY DETENTION
OF SUSPECTED TERRORISTS; HABEAS CORPUS; JUDICIAL REVIEW, 2241 REVIEW
OF CERTIFICATION.   THE ATTORNEY GENERAL SHALL REVIEW THE CERTIFICATION
MADE UNDER PARAGRAPH (3) EVERY 6 MONTHS IF THE ATTORNEY GENERAL DETERMINES
IN THE ATTORNEY GENERALS DISCRETION, THAT THE CERTIFICATION SHOULD BE
REVOKED, THE PERSON MAY BE RELEASED ON SUCH CONDITIONS AS THE ATTORNEY
GENERAL DEEMS APPROPRIATE, UNLESS SUCH RELEASE IS OTHERWISE PROHIBITED
BY LAW.   THE PERSON MUST REQUEST EACH (6) MONTHS IN WRITING THAT THE
ATTORNEY GENERAL RECONSIDER THE CERTIFICATION AND MAY SUBMIT DOCUMENTS
OR OTHER EVIDENCE IN SUPPORT OF THAT REQUEST.   PURSUANT TO 18:871 OR
879 OR 1751, NOTICE SENT TO DIRECTOR OF THE UNITED STATES SECRET SERVICE
EVERY (6) MONTHS TO RESEND CERTIFICATION OR REVOKED THE DETENTION OF
THE INDIVIDUAL DANGEROUS TO THE OFFICE OF THE PRESIDENT OF THE UNITED
STATES.

FRCP RULE 12.   PLEADINGS AND MOTIONS BEFORE TRIAL; DEFENSE AND
OBJECTIONS.   IF INDICTMENT WAS OBTAINED BY FALSE TESTIMONY, IT MUST BE
CHALLENGED BY PRETRIAL MOTION, NOT POST-TRIAL MOTION UNITED STATES  V
SMITH (1989, CA5 MISS) 890 F2D 711, 102 ALR FED 100.   OBJECTIONS TO
GRAND JURY PREOCEEDINGS BASED ON WITNESSES PRESENTED OR ABSENT, HEARSAY
TESTIMONY, OR ILLEGALLY OBTAINED EVIDENCE ARE TO BE MADE BY RULE 12
MOTION PRIOR TO TRIAL AND NOT BEFORE INDICTMENT IS RETURNED SINCE ANY
ATTACK PRIOR TO THAT TIME IS SPECULATIVE.   UNITED STATES V COWAN (1974,
CD CAL) 382 F SUPP 159.   MOTION TO DISMISS INDICTMENT WILL BE GRANTED
WHERE GRAND JURY HEARD ONLY ONE WITNESS IN PERSON TESTIMONY BEFORE PRIOR
GRAND JURY, AND PROSECUTOR FAILED TO INFORM JURY THAT THEY MAY EXAMINE
WITNESS.   UNITED STATES V PASTOR (1975, SD NY) 419 F SUPP 1318.   TO
SUSTAIN DEFENDANTS MOTION TO DISMISS PROSECUTION ON GROUNDS OF DENIAL
OF SPEEDY TRIAL, DEFENDANT MUST SHOW NOT ONLY LAPSE OF TIME BUT ALSO
PREJUDICE RESULTING FROM SUCH LAPSE OR THAT DELAY IN PROSECUTION WAS
INPROPERLY MOTIVATED.   CARROLL V UNITED STATES (1968, CA1 MASS) 392 F2D 185.

1237, AFFD (1995, CA4 NC) 45 F3D 837, CERT DEN (1995) 516 US 872, 133
L ED 2D 130, 116 S CT 194. COMMITMENT ORDER ISSUED PURSUANT TO 18:4247(B)
WHETHER IT BE FOR PURPOSE OF ASCERTAINING COMPETENCY TO STAND TRIAL UNDER
18:4241 OR FOR PURPOSE OF EVALUATING INSANITY AT TIME OF OFFENSE UNDER
4242 IS IMMEDIATELY APPEALABLE. UNITED STATES V DETERS (1998, CA10 KAS)
143 F3D 577, 1998 COLO) J C A R 2177. APPEAL IN WHICH DEFENDANT ARGUES
THAT DISTRICT COURT LACKED AUTHORITY TO ORDER A COMPETENCY EXAMINATION
BY A DOCTOR CHOSEN BY THE GOVERNMENT PURSUANT TO 18 4241 AND 4247(B) IS
MOOT BECAUSE ORDER WAS NEVER CARRIED OUT AND IS NO LONGER IN EFFECT.
UNITED STATES V WESTEN (1999, APP DC) 338 US APP DC 355, 194 F3D 145.

CERTIFICATION AND NOTICE 18:4246 N11. ALTHOUGH INITIAL COMMITMENT
OF DEFENDANT WHO WAS SUBJECT OF PROBATION REVOCATION PROCEEDINGS WAS
VALID BASED ON FINDING THAT HE LACKED MENTAL COMPETENCE TO PARTICIPATE
IN PROCEEDINGS, DISTRICT COURT IMPROPERLY EXTENDED COMMITMENT UNDER
18:4246 BEYOND 4MONTHS PERIOD AUTHORIZED BY 18:4241, BASED ON FINDING
THAT DEFENDANT SUFFERED MENTAL DISEASE OR DEFECT AND THAT HIS RELEASE
WOULD POSE SUBSTANTIAL RISK OF INJURY TO ANOTHER PERSON, WHERE CERTIFICATE
REQUIRED BY 4246 HAD NOT BEEN FILED WITH COURT IN DISTRICT WHERE DEFENDANT
WAS CONFINED, DEFENDANT WAS NOT NOTIFIED THAT CERTICATE HAD BEEN FILED,
AND DEFENDANT DID NOT RECEIVE CONSTITUTIONALLY ADEQUATE NOTICE OF CLAIMS
HE HAD TODEFEND AGAINST IN ORDER TO PREVENT EXTENSION OF COMMITMENT FOR
INDEFINITE PERIOD. UNITED STATES V BAKER (1986, CA6 TENN) 807 F2D 1315.
INVOLUNTARY MEDICATION 18:4246 N7, INVOLUNTARY ADMINISTRATION OF PSYCHOTROPIC
MEDICATION TO CRIMINAL DEFENDANTS INCOMPETENT TO STAND TRIAL IS IMPROPER
UNDER 18:4246, WHERE PSYCHIATRIST TESTIFIED DEFENDANTS WERE CAPABLE OF
MAKING THEIR OWN DECISIONS ON THEIR PSYCHIATRIC CARE AND SIDE EFFECTS
OF MEDICATION ARE AMONG REASONS DEFENDANTS REFUSED TO TAKE IT, BECAUSE
GOVERNMENT DID NOT SHOW DEFENDANTS ARE MENTALLY INCOMPETENT TO MAKE SUCH
DECISIONS UNITED STATES V BALLARD (1987, ED NC) 704 F SUPP 620. 18:4246
N4 ARRANGEMENTS FOR STATE CUSTODY AND CARE OR CARE BY VETERANS AFFAIRS
AND CUSTODY, AFTER EXPIRATION OF TIME LIMIT FOR DETENTION SET BY 18:4241
PROVIDING FOR TEMPORARY CUSTODY OF DEFENDANT JUDGED INCOMPETENT TO STAND
TRIAL, FEDERAL CUSTODY CAN BE CONTINUED ONLY IF EFFORTS ARE FIRST MADE
TO FIND STATE TREATMENT FACILITY OR VETERANS AFFAIRS FACILITY FOR THE
INDIVIDUAL PURSUANT TO 4246 OR 4241 IF PENDING INDICTMENT IS DISMISSED
WITHOUT PREJUDICE. UNITED STATES V CHARTERS (1987, CA4 VA) 829 F2D F2D
479, DIFFERENT RESULTS REACHED ON OTHER GROUNDS ON REH EN BANC, REMANDED

WITHIN SIX MONTHS TO FILE A PETITION WITH THE UNITED STATES COURT OF
FEDERAL CLAIMS OR WITH ANY FEDERAL DISTRICT COURT PURSUANT TO 28:2401.
PURSUANT TO 18:4243(A) AND (C), REFERAL FROM 4242, THE EVIDENTIARY
HEARING IS COMMONLY REFERRED TO AS EITHER A **"RELEASE"** OR **COMMITMENT"**
HEARING, AND IS CIVIL, SHOULD BE ASSIGNED A CIVIL CASE NUMBER, THE
CRIMINAL NUMBER SHOULD END WITH THE SPECIAL VERDICT, THE HEARING IS
NOT CRIMINAL, IN NATURE.  SHANNON, 512 US AT 577, 114 S CT 2419.  AT
THE HEARING THE INSANITY ACQUITTEE MUST PROVE (A) BY CLEAR AND CONVINCING
EVIDENCE THAT (B) HIS RELEASE WOULD NOT CREATE A SUBSTANTIAL RISK TO
PEOPLE OR PROPERTY DUE TO A PRESENT MENTAL DISEASE OR DEFECT,  CONSTITUT-
IONAL LAW 5 AMEND, IN DETERMINING WHETHER PROCEDURES COMPORT WITH THE
DUE PROCESS IN A CIVIL CONTEXT, COURT MUST BALANCE (1) THE PRIVATE
LIBERTY INTEREST AFFECTED, (2) THE RISK OF AN ERRONEOUS DEPRIVATION OF
THAT INTEREST AND THE PROBABLE VALUE OF ADDITIONAL PROCEDURAL SAFEGUARDS,
AND (3) THE GOVERNMENTS INTEREST, INCLUDING THE FUNCTION INVOLVED AND
THE BURDENS THAT ADDITIONAL PROCEDURAL REQUIREMENTS WOULD PLACE ON THE
STATE.  DUE PROCESS CLAUSE REQUIRES THAT THE NATURE AND DURATION OF CIVIL
COMMITMENT BEAR SOME REASONABLE RELATION TO THE PURPOSE FOR WHICH THE
INDIVIDUAL IS COMMITTED.  THE EVIDENTIARY HEARING SHOULD BE HELD WITHIN
40 DAYS OF THE SPECIAL VERDICT.  HEARING IS ALSO CALLED BURDEN OF PROFF.

    PURSUANT TO 18:4247(D) DISPOSITION HEARING TO MAKE A INDIVIDUAL
A 4246 FROM 4245, OR 4241 OR 4242 WHOM ALL CHARGES WERE DISMISSED DUE
TO MENTAL CONDITION AND INDEFINITE PERIOD COMMITMENT PURSUANT TO 4246.
A 4243 IS ALSO A INDEFINITE PERIOD COMMITMENT IF THE INDIVIDUAL IS NOT
RELEASED.  INDIVIDUALS WHOM ALL CHARGES ARE DISMISSED WITHOUT PREJUDICE
FROM A 4241, A RELEASE HEARING SHOULD BE HELD WITHIN TEN DAYS OF THE
DISMISSAL, THIS HEARING IS PURSUANT TO VITEK V JONES, EVEN IF THE
DIRECTOR FILED A DANGERNOUSNESS AND DEFECT OR DISEASE STAY OR RELEASE
OF THE INDIVIDUAL.  THESE INDIVIDUALS ARE AUTHORRIZED A CONDITION
DISCHARGE (1) DISMISSAL OF COMMITMENT 4241, OR 4246, (2) TRANSFEREED TO
STATE OR VETERANS AFFAIRS FOR CONTITUTUION OF TREATMENT (3) NOT RETURNED
TO CUSTODY UNLESS VIOLATES FEDERAL STATE OR LOCAL LAW.  ANY CONDITIONS
ESTABLISHED FOR THE RELEASE OF THE INDIVIDUAL PRIORLLY 4243, 4244, 4245,
4246, WHERE CHARGES WERE DISMISSED WITH PREJUDICE DUE TO MENTAL CONDITION
THE CONDITIONS ARE PURSUANT TO THE SENTENCING COURT ESTABLISHMENT,
PURSUANT TO: 18:3563 CONDITIONS OF PROBATION, IF SENTENCING COURT DID
NOT PROVIDE AS CONDITION THEN CONDITION N25 MENTAL HEALTH TREATMENT OR

CONTINTUTION OF CLAIM II  DEFENDANT DID VIOLATES YOUR RIGHTS

EXAMINATION MAY BE ORDERED BY THE DISTRICT COURT OR PROBATION OFFICER.
PURSUANT TO 18:3583 SUPERVISED RELEASE AFTER IMPRISONMENT N27 MENTAL
HEALTH TREATMENT, IF SENTENCING COURT DID NOT PROVIDE AS CONDITION
THEN THE PROBATION OFFICER OR DISTRICT COURT MY ORDER THE CONDITION.
PROBATION IS SUPERVISED BY A PROBATION OFFICER OR SOCIAL WORKER PURSUANT
TO 18:3601, SENTENCING COURT IS RESPONSIBLE FOR THE ESTABLISHMENT OF
ALL AND ANY CONDITIONS ESTABLISHED FOR THE SUPERVISED CONDITIONAL RELEASE
OF ANY INDIVIDUAL, FOR 4243, 4344, 4245, 4246, FOR CHARGES DISMISSED
DUE TO MENTAL CONDITION ONLY.  THE SPECIAL VERDICT OF 4243 TO ESTABLISH
CONDITIONS FOR RELEASE, BUT THE EVIDENTIARY HEARING "RELEASE" HEARING,
OR "COMMITMENT" HEARING WILL ESTABLISH THE BASIS FOR CONDITIONAL RELEASE
UPON DISCHARGE OF THE 4243 ACQUITTEE.  NO CONDITIONS CAN BE ASSIGNED TO
4241 DISMISSAL WITHOUT PREJUDICE, ONLY PROVIDED WITH A CONDITIONAL
DISCHARGE (1) DISMISSAL OF COMMITMENT 4241, (2) TREATMENT STATE AGENCY
OR VETERANS AFFAIRS (3) NOT RETURNED TO CUSTODY UNLESS VIOLATES FEDERAL
STATE OR LOCAL LAW.

     GENERALLY 18:4247 N1.  UNDER 18 USC 4247, COURT MAY ORDER PREHEARING
PSYCHOLOGICAL EXAMINATION AND MUST CONDUCT HEARING PURSUANT TO STATUTE.
CONGRESS HAS GIVEN AUTHORITY OVER DEFENDANTS DECLARED INCOMPETENT BY
DISTRICT JUDGE TO ATTORNEY GENERAL, BUT AUTHORITY OF ATTORNEY GENERAL
IS LIMITED UNITED STATES V SHAWAR (1989, CA7 WIS) 865 F2D 856. "SUITABLE
FACILITY" 18:4247 N4.  FEDERAL MEDICAL CENTER IN WHICH INSANITY ACQUITTEE
WAS HOUSED WAS "SUITABLE FACILITY" WITHIN MEANING OF 18 USC 4243(E) AND
4247(I) EVEN THOUGH CONDITIONS WERE PRISON LIKE, RATHER THAN HOSPITAL-
LIKE, IN LIGHT OF DEFENDANTS CRIMINAL HISTORY, LIMITED RANGE OF CHOICES
AVAILABLE, AND HISMENTAL DIAGNOSIS, WHICH INCORPORATED EXTREME DELUSIONAL
RELIGIOUS IDEATION AND INCLUDED SENSE OF PERSECUTION AND FEAR OF VARIETY
OF MINORITY GROUPS PHELPS V UNITED STATES BUREAU OF PRISONS (1995, CA8
MO) 62 F3D 1020.  CIVIL COMMITMENT OF PRISONER AFTER HEARING HELD BY
TELECONFERENCE DOES NOT VIOLATE PRISONERS RIGHTS UNDER 18 4247(D), WHERE
PRISONERS COUNSEL AND WITNESSES PARTICIPATED IN TELEVISED HEARING FROM
CONFERENCE ROOM AT PRISON, WHILE JUDGE AND PROSECUTOR PARTICIPATED
FROM COURTHOUSE, BECAUSE 18 USC 4247(D), WHICH GUARANTEES SUBJECT OF
COMMITMENT HEARING OPPORTUNITY TO TESTIFY, PRESENT, CONFRONT, AND CROSS
EXAMINE WITNESSES, AND TO PRESENT EVIDENCE, DOES NOT GUARANTEE PRISONER
RIGHT TO BE PRESENT AT HEARING, AND THEREFORE TELECONFERENCE DOES NOT
VIOLATE PRISONERS RIGHTS.  UNITED STATES V BAKER (1993, ED NC) 836 F

CONTINTUTION OF CLAIM II DEFENDANT DID TO VIOLATE YOUR RIGHTS

THE PETITIONER PENDING INDICTMENT WAS DISMISSED WITHOUT PREJUDICE
AND NOT WITH PREJUDICE DUE TO MENTAL CONDITION.  NO RELEASE HEARING
WAS HELD PURSUANT TO 4247(D), AND THE PETITIONER APPEARED IN COURT
ON JUN 15 1994, FOR A HEARING WHICH NEVER TOOK PLACE, AND WAS NOTIFIED
THE PETITIONER WAS BEING RELEASED, AND WAS NOT, FORCED MEDICATED IN
JUN 1994, ON THE BASIS THE PETITIONER WAS GOING TO VETERANS AFFAIRS
MEDCIAL CENTER (LAKESIDE) CHICAGO IL., THE CORRECTION COUNSELOR BLAKLEY
STATED THE STATE OF IL., DID NOT ACCEPT THE RESPONSIBILITY.  THEREFORE
THE PETITIONER SHOULD OF BEEN RELEASED WITHIN 10 DAYS. OF THE DENIAL
OF THE STATE OF IL., COUNSELOR BLAKLEY STATED SHE CONTACTED BALITMORE
MD., AND THEY STATED A DENIAL IN TEN DAYS THE PETITIONER SHOULD OF BEEN
RELEASED AND WAS NOT.  SINCE 20 APR 1993 THRU PRESENT THERE HAS BEEN
A LINE OF EXECUSES FROM BUREAU OF PRISONS FCI FMC BUTNER NC., AND FMC
ROCHESTER MN.

"THE VIDEO CONFERENCING IS ONLY AUTHORIZED AFTER THE INDIVIDUAL
HAS HAD A COMMITMENT HEARING PURSUANT TO 18:4244 OR 18:4245"  VIDEO
CONFERENCING CANNOT BE USED FOR 18:4241, 4242, 4243, 4246, 4248, ONLY
DUE PROCESS WITH PHYSICAL PRESENCE OF SUBJECT IN COURT PURSUANT TO
18:4241(D) OR 18:4247(D), AND FRCP (43).  PHYSICAL PRESENCE IS NOT
REQUIRED IF THE INDIVIDUAL IS DECLARED ABUSIVE AFTER WARNED BY THE COURT
THAT DISRUPTIVE CONDUCT WILL CAUSE THE REMOVAL OF THE DEFENDANT FROM
THE COURTROOM, PERSISTS IN CONDUCT WHICH IS SUCH AS TO JUSTIFY EXCLUSION
FROM THE COURTROOM. RULE (43)(B)(3).  PRESENCE NOT REQUIRED, DEFENDANT
NEED NOT BE PRESENT RULE (43) (C) (1) **WHEN REPRESENTED BY COUNSEL AND
THE DEFENDANT IS AN ORGANIZATION, AS DEFINED IN 18:18.**  THE PRESENCE
OF THE DEFENDANT IS REQUIRED AT ALL PROCEEDINGS AND CANNOT BE REPRESENTED
BY LEGAL COUNSEL IN ABSENCE OF THE DEFENDANT.  THEREFOR ANY PROCEEDING
HELD WITHOUT THE PRESENCE OF THE DEFENDANT IS INVALAID, THE DEFENDANT
IS NOT AN **ORGANIZATION.**  IF A STATUS HEARING IS HELD WITHOUT THE PRESENCE
OF THE PETITIONER THEN THE PETITIONER MUST BE INFORMED BEFORE THE COURT
PROCEEDINGS IS TO BE HELD, AND AFFORDED THE RIGHT TO APPEAR AND CHALLENGE
THE CLAIM, AND TO PRODUCE WITNESS AND CHALLENGE EVIDENCE AGAINST HIM
PURSUANT TO 18:4241(D) OR 18:4247(D)".

42:1997 CIVIL RIGHTS OF INSTITUTIONALIZED PERSONS, 1997C INTERVENTION
IN ACTIONS BY U.S. ATTORNEY GNEERAL, 1997B CERTIFICATION REQUIREMENTS
ATTORNEY GENERAL TO PERSONALLY SIGN CERTIFICATION, 1997D PROHIBITION
OF RELALIATION, 1997F REPORT TO CONGRESS, 1997H NOTICE TO FEDERAL
DEPARTMENTS, 1997 DISCLAIMER RESPECTING PRIVATE LITIGATION.

CIVILLY COMMITED ARE NOT PRISONERS AND ARE NOT SUBJECTED TO DISCIP-
LINE, THIS IS CORPORAL PUNISHMENT.  JAMES V BENNETT, DIRECTOR OF FEDERAL
PRISONS FROM 1937 TO 1964, TESTIFIED DURING THE TRIAL OF JACKSON V
BISHOP THAT WHIPPING AND OTHER FORMS OF CORPORAL PUNISHMENT WERE **(BRUTAL
AND MEDIEVAL AND DID NOT REAL GOOD).**

**PAGE 17 OF 41**

D. **CLAIMS***

CLAIM III

The following civil right has been violated:

ON 15 JAN 2006, THE PETITIONER WAS NOTIFIED THAT PSYCHOLOGIST COCHRAN WAS GOING TO RECOMMEND THE PETITIONER TO BE INDEFINITE PERIOD COMMITMENT, 4246, BECAUSE THE PETITIONER STILL AFTER (13) YEARS STILL REFUSES TO ACCEPT THAT THE PETITIONER HAD MENTAL PROBLEMS, ACCEPT MEDICATION PSYCHO-TROPIC, AND REMORSE FOR TRYING TO KILL A POSTAL EMPLOYEE IN JUN 1994. IN JUN 1994, THE PETITIONER WAS AT THE FEDERAL CORRECTION INSTITUTION (MEDIUM) CONTROLLED HOUSING AWAITING A PSYCHOLOGICAL AND PSYCHOIATRIC EVALUATION FOR DANGEROUS TO THE OFFICE OF THE PRESIDENT OF THE UNITED STATES. THE PETITIONER WAS SENT TO FCI BUTNER NC., ON 24 JUN 1993, FOR THE STUDY AND EVALUATION. ON 20 JUL 1993, THE UNITED STATES POSTAL INSPECTOR OF WASHINGTON D.C. NOTIFIED THE PETITIONER THAT THE U.S. POSTAL SERVICE WAS NOT GOING TO FILE ANY CHARGES FOR THE SITUATION OF 20 APR 1993, AND ALL EVIDENCE WAS DESTROYED. ON 14 JUN 1994 THE PENDING INDICTMENT WAS DISMISSED WITHOUT PREJUDICE, **NOT BY MENTAL CONDITION.** THE PETITIONER WAS DETAINED BY THE U.S. SECRET SERVICE 20 APR 1993, BECAUSE OF A MAIL GRAM OF 20 JAN 1993, NEVER SENT TO PRESIDENT CLINTON, CONCERNING THE

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

THE DEFENDANTS SINCE 23 DEC 1953, AHVE INTERFERED WITH LEGAL COUNSEL OF THE PETITIONER THROUGH OUT HIS LIFE. ON 20 APR 1993, THE PETITIONER WAS SUBJECTED TO SECRET INTERROGATION IN VIOLATION OF FRCP (5) N 5: PREVENTION OF SECRET INTERROGATION, PLAIN PURPOSE OF REQUIREMENT THAT PRISONER SHOULD PROMPTLY BE TAKEN BEFORE COMMITING MAGISTRATES WAS TO CHECK RESORT BY OFFICERS TO SECRET INTERROGATION OF PERSONS ACCUSED OF CRIME. UPSHAW V UNITED STATES (1948) 335 US 410 93 L ED 100 69 CT 170. ON THE EVENING AFTER BEING DETAINED BY THE PRINCE WILLIAM POLICE VA., THE PETITIONER AT 18:00 HOURS HAD A SECRET INTERROGATION WITH THE U.S. SECRET SERVICE AGENT. RIGHT TO COUNSEL, BASIC PURPOSE OF RUEL (5)(A), IS TO MAKE CERTAIN THAT PERSON ARRESTED IS ADVISED BY JUDICIAL OFFICER OF OF HIS CONSTITUTIONAL RIGHT TO COUNSEL AND OF HIS PRIVILGE AGAINST SELF INCRIMINATION WITHOUT UNNECEASSARY DELAY. GREENWELL V UNITED STATES (1964) 119 US APP DC 43, 336 F2D 962. AT 11:00 HOURS AT PRINCE WILLIAM POLICE

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

CLOSING OF MILITARY FACILITIES AND THE PROBLEMS THEY CAN CAUSE. (THE
PETITIONER HAS A COMMITTEE THIRTY REDLIGHT/BLUELIGHT WHICH IS A COMBINATION
OF TWO PROCEEDINGS COMMITTEE THIRTY AND THIRTY ONE COMBINING WITH GREAT
LAKES SAINT LAWRENCE SEAWAY AND REDLIGHT AND BLUELIGHT SITUATIONS AS
CAUSES OF WAR). THE MAIL GRAM DID NOT THREATEN THE PRESIDENT CLINTON,
AND WAS NEVER SENT. ON 20 APR 1993, THE PETITIONER DAMAGED A U.S. POSTAL
MAIL BOX PLACING TWO **DENTS** IN THE MAIL BOX WITH A RIFLE. THE PETITIONER
WAS IN DETENTION FROM 20 APR 1993, THRU 25 MAY 1993, BEFORE WAS CHARGED
THIS WAS TO ALLOWED THE PETITIONER TO BE NOW DETAINED AS PURSUANT TO
18:3164 PERSONS DETAINED OR DESIGNATED AS BEING OF HIGH RISK, (THE FIRST
DAY OF TRIAL MUST BE WITHIN (90) DAYS OF THE DETAINMENT. INDICTMENT MUST
BE WITHIN (30) DAYS OF DETAINMENT OF RELEASED PURSUANT TO 18:3161, ON
20 JUL 1993, THE SAME DATE THE U.S. POSTAL SERVICE NOTICE OF DECLINING
TO FILE ANY CHARGES, THE U.S. ATTORNEY GENERAL NOTIFIED THE PETITIONER
THAT THE PETITIONER WAS NOW A SUSPECTED TERRORIS PURSUANT TO 8:1226A
MANDATORY DETENTION OF SUSPECTED TERRORISTS HABEAS CORPUS JUDICIAL REVIEW
EVERY SIX MONTHS A WRIT OF HABEAS CORPUS MUST BE FILED WITH U.S. ATTORNEY
GENERAL AND EVERY SIX MONTHS PURSUANT TO 18:871, 879 OR 1751 A STATUS
REPORT OR WRIT OF HABEAS CORPUS MUST BE FILED WITH THE DIRECTOR OF THE
UNITED STATES SECRET SERVICE IN WASHINGTON D.C.. THERE IS NO WAY THE
PETITIONER ESCAPED FROM THE FEDERAL CORRECTION INSTITUTION (MEDIUM) IN
JUN 1994, AND TRIED TO KILL A U.S. POSTAL EMPLOYEE, AND BRAKE BACK INTO
THE FEDERAL CORRECTION INSTITUTION (MEDIUM) BUTNER NC.,. ON 15 JAN 2007
PSYCHOLOGIST COCHRAN STATE AT THE ANNUAL REVIEW, THAT THE WARDEN WAS
FILING FOR A INDEFINITE PERIOD COMMITMENT 4246 AGAINST THE PETITIONER,
THE PETITIONER NOTIFIED THE REVIEW HEARING THAT THE PETITIONER WAS FILING
FOR CAUSE OF COMMITMENT PURSAUNT TO JUDICIAL ACT OF **1789,** ON 20 APR 2007,
A WRIT A HABEAS CORPUS, IN WASHINGTON D.C. TO THE U.S. ATTORNEY GENERAL
AND U.S. SECRET SERVICE FOR RELEASE AND EVALUATION AT VETERANS AFFAIRS
MEDICAL CENTER WASHINGTON D.C. AND FOR THE PETITIONER UPON COMPLETION OF
THE EVALUATION TO BE TRANSFERED TO FEDERAL CORRECTION CAMP PETERSBURG VA.,
PENDING DETERMINATION OF CAUSE OF COMMITMENT. THE CAUSE OF COMMITMENT
WAS FILED IN EDNC RALEIGH NC., ON 20 JUN 2007, THE PETITIONER FILED FOR
FOLLOW UP TO THE CAUSE OF COMMITMENT HEARING. ON 12 JUL 2007, AT 1400
HOURS THE PETITIONER WAS NOTIFIED BY PSYCHIATRIST HERBEL HE WAS RECOMMEND-
ING THE PETITIONER BE TRANSFERED. AT 1600 HOURS 12 JUL 2007 THE PETITIONER

WAS CALLED TO R&D AND TOLD TO PACK OUT FOR POINTS UNKNOWN.  THE PETITIONER
SHOULD HAVE HAD A (15) DAYS NOTICE BEFORE PACKING OUT, AND POINTS AS TO
WERE THE PETITIONER WAS GOING.  THE PETITIONER LOST (44) CUBIC FEET OF
LEGAL MATERIAL CONFISCATED BY THE STAFF OF FMC BUTNER NC., AND SPENT
(30) DAYS IN ADMINISTRATIVE DETENTION.  WAS TAKEN FOUR TIMES TO THE
AIR CRAFT AT (RDU) AIRPORT AND RETURNED TO FMC BUTNER NC., ADMINISTRATIVE
DETENTION, NOT ALLOW MAIL OR PHONE CALLS OUT OR IN THE FACILITY.  AROUND
THE 20 JUL 2007, WAS NOTIFIED THAT THEY WERE FILMING U.S. MARSHALS III,
AT THE AIR PORT WAS THE U.S. MARSHALS OFFICE THE FIRST DAY AND STATE,
AND COUNTY POLICE THE SAME AND ALL OF THE OTHER ATTEMPTS TO LEAVE (RDU)
AIR PORT.  THE PETITIONER WAS TRANSFERED TO FMC ROCHESTER MN., FOR A
EVALUATION FOR RELEASE, THE PETITIONER CANCELED THE CAUSE OF COMMITMENT
AND WRITS OF HABEAS CORPUS IN WASHINGTON D.C. AND RALEIGH NC.,. TRIED
TO ORGANIZE THE LEGAL PROCEEDINGS, WAS NOT ALLOWED OR ALLOWED COMMUNICATIONS
WITH ANY LEGAL REPRESENTATIVES OF THE DEPARTMENT OF THE NAVY AND MARINE
CORPS VETERANS AFFIRS, SOCIAL SECURITY, ATTORNEYS (POST CONVICTION ATLANTA
GA., (2) IN IL., (1) VA., LEGAL ORGANIZATIONS IN WASHINGTON D.C.. NO
EVALUATION WAS EVER HELD, JUST 4/5 CONSULTATIONS WITH PSYCHIATRIST AND
PSYCHOLOGIST AT FMC ROCHESTER MN., AND ON 6 NOV 2007 AND INDENPENDENT
EVALUATION WITH A FEMALE PSYCHIATRIST AT FMC ROCHESTER MN.,.  ON 20
OCT 2007, THE PETITIONER HAD A RISK ASSESSMENT (WHICH IS ONLY FOR TITLE
47 TRANSPORTATION), BUREAU OF PRISONS IS ONLY AUTHORIZED TO HOLD DANGER-
NESSOUS TO SELF AND OTHERS HEARING, AND NOT RISK ASSESSMENTS.

ON 20 OCT 2007 THE PETITIONER WAS NOTIFIED THE PANEL WAS NOT GOING
TO RECOMMEND THE RELEASE OF THE PETITONER.  ON 4 DEC 2007 THE PETITIONER
RECEIVED A FAX FROM FEDERAL COURT RALEIGH NC., DIRECTING THE PETITIONER
ATTEND THE HEARING ON 5 DEC 2007.  WITH THE FAX OF 2007 ALL OF THE MOTIONS
AND PETITIONS THE PETITIONER SUBMITTED FOR THE CAUSE OF COMMITMENT WERE
DENIED.  ON 5 DEC 2005 TELEVISED PROCEEDINGS WITH EDNC AND FMC ROCHESTER
MN., AND WAS ONLY A STATUS HEARING NOT PURSUANT TO 18:4247(D), AND THE
PETITIONER ALREADY KNEW THE COURT WAS GOING TO DISAPPROVED THE RELEASE
OF THE PETITIONER, SINCE THIS WAS A STATUS HEARING IS WHY THE PETITIONER
REQUESTED THE CANCELATION OF THE HEARING, A STATUS HEARING VIOLATES THE
DUE PROCESS OF THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION OF THE U.S..
ON 5 DEC 2007, RIGHT AFTER THE PROCEEDING THE PETITIONER FILED A REQUEST
TO HAVE THE PROCEEDING DECLARED AS INVALIDED, BECAUSE THE PETITIONER HAD
FILED FOR A CAUSE OF COMMITMENT HEARING PURSUANT TO JUDICIAL ACT OF **1789**

CONTINTUTION OF CLA___ III

THE DOCUMENT OF 4 DEC 2007, DENIED THE CAUSE OF COMMITMENT HEARING, AND
DIRECTED THE PETITIONER TO APPEAR FOR A STATUS HEARING ON 5 DEC 2007.
THE ORDER OF 5 DEC 2007 FROM EDNC WAS A CERTIFICATE OF DANGEROUSNESS,
DISEASE AND DEFECT WAS SIGNED BY JUDGE BRITT, THE WARDEN WAS TO SIGN
OF THE FACILITY WAS TO SIGN THE CERTIFICATE, AND THE COURT WAS TO ORDER
A CAUSE OF COMMITMENT HEARING, FOR THE RELEASE OF THE PETITIONER.  THE
PETITIONER ALREADY HAS A APPEAL TO THE COMMITMENT OF 14 AUG 1994, IN
APPEAL COURT RICHMOND VA., PENDING ACTION.

THE REASON: THE DISTRICT COURT RALEIGH NC., AND ALEXANDRIA VA.,
DID NOT WANT ANY HEARING IN THE DISTRICT OF VA., OR NC., WAS THAT THE
ORIGINAL PROCEEDINGS WAS OF POLICE ENTRAPMENT:

CLAIM BY POLICE OFFICER CHARGED WITH PERJURY THAT DISTRICT COURT
ERRED IN PREVENTING HIM FROM INTRODUCING AT TRIAL EVIDENCE THAT GRAND
JURY INVESTIGATION WAS ILLEGITIMATE WAS WITHOUT MERIT SINCE CLAIM THAT
GOVERNMENT CALLED HIM BEFORE GRAND JURY SOLELY TO ELICIT PERJURED TESTIMONY
IS LIKE CLAIM OF SELECTIVE PROSECUTION, ULTIMATELY SEPARATE FROM ISSUE
OF HIS FACTUAL GUILT AND INVOLVES DEFECT IN INSTITUTION OF PROSECUTION,
WHICH IS ISSUE FOR COURT RATHER THAN JURY, UNITED STATES V REGAN (1997
CA2 NY) 103 F3D 1072, CERT DEN (1997) 521 US 1106, 138 L ED 2D 992,
177, S CT 2484.  THE PRINCE WILLIAM POLICE PRODUCED PHOTOGRAPH OF A
COLORED ARM WITH A FELT BLACK MARKER ON THE ARM AND STATED IT WAS A
GUN SHOT WOUND.  THE U.S. POSTAL OFFICE INSPECTOR WASHINGTON D.C. ON
20 JUL 1993, NOTIFIED THE PETITIONER THE POSTAL SYSTEM WAS NOT GOING
TO FILE ANY CHARGES AND ALL EVIDENCE OF 20 APR 1993, WAS DESTROYED.
THE PRINCE WILLIAM OFFICER APPEARED ON 20 MAY 1993, AND PROVIDED FALSE
INFORMATION.  ON 25 MAY 1993, THE PETITIONER WAS CHARGED AS HIGH RISK
PERSON PURSUANT TO 18:3134, AND ON 20 OCT 1993, PURSUANT TO 8:1226A
WAS DECLARED A TERRORIST.

"PUNISHMENTS OUT OF ALL PROPORTION TO THE OFFENSE, EMPLOYING
INHUMANE AND ARCHAIC METHODS AND DICTATED BY BRUTALITY COUPLED WITH
IGNORANCE, INCOMPETENCE, FEAR AND WEAKNESS, ARE DEMORALIZING BOTH TO
INMATES AND STAFF.  STAFF PUNISHMENTS SUBSTANTIALLY INCREASE THE CHANCES
THAT THE INMATES WILL CONTINUE TO BE DISCIPLINARY PROBLEMS IN THE IN-
STITUTION AND WILL RETURN TO CRIME AFTER RELEASE".

"THE POSSIBLE PSYCHOLOGICAL EFFECTS OF INHUMANE PUNISHMENT HAVE
BEEN DESCRIBED AS FOLLOWS:  METHODS OF DISCIPLINE HAVE A PROFOUND EFFECT
ON THE OFFENDER IN REGARD TO HIS MENTAL AND SOCIAL ATTITUDES BOTH WITHIN
THE PRISON AND AFTER RELEASE.  THIS IS PARTICULARLY EVIDENT IN THE CASE
OF FIRST OFFENDERS IN WHOM PERNMENENT ATTITUDES ARE OFTEN ESTABLISHED WHICH
MAKE FOR LATER SOCIAL SUCCESS OR FOR A CONTINUED LIFE OF CRIME.  THE CON-
SEQUENCES OF DISCIPLINE ARE ALSO GRAVE IN THEIR EFFECT ON THE MENTAL CON-
DITIONS OF OFFENDERS, LEADING THEM OFTER INTO THE SO-CALLED (**PRISON-
NEUROSIS**), IF UNFAVORABLE, OR LEADING TO CONSTRUCTIVE MODIFICATION OF
PERSONALITY IF CONSTRUCTIVELY ADMINISTERED.

CONTINTUTION OF CLA~ III DEFENDANTS DID TO VIC~TE YOUR RIGHTS

VA., COUNTY JAIL MANASSAS VA., FIRST SECRET INTERROGATION, AT 13:00
THE PETITIONER SEEN THE MAGISTRATES OF PRINCE WILLIAM COUNTY VA., AT
17:00 HOURS THE PETITIONER SEEN THE MAGISTRATE IN DISTRICT COURT
ALEXANDRIA VA., THE SECRET INTERROGATION WITH THE SECRET SERVICE WAS
ON 20 APR 1993, OVER 24 HOURS EALIER.  PURSUANT TO FRCP (5) N 62 PURPOSE
OF PRELIMINARY EXAMINATION IS TO AFFORD PERSON ARRESTED UPON COMPLAINT
OPPORTUNITY TO CHALLENGE EXISTANCE OF PROBALBLE CAUSE FOR DETAINING HIM
OR REQUIRING BAIL.  SCIORTINO V ZAMPANO (1967, CA2, CONN) 385 F2D 132,
CERT DEN (1968) 390 US 906 19 L ED 2D 872 88 S CT 820 UNITED STATES
V FOSTER (1971, CA7 ILL) 440 F2D 390.  THE MAGISTRATE ORDER A 96 HOUR
EVALUATION AT ALEXANDRIA VA DETENTION CENTER, TO DETERMINE DANGEROUS TO
THE OFFICE OF THE PRESIDENT OF THESE UNITED STATES.  THE PETITIONER WAS
BROUGHT BACK TO THE COURT ON 27 APR 1993, ORDERED EXTENDED EVALUATION
TO RETURN AFTER INDICTMENT BY THE GRAND JURY.  THE PETITIONER WAS RETURNED
ON 25 MAY 1993, AND DECLARED HIGH RISK PERSON PURSUANT TO 18:3164 FIRST
DAY OF HEARING MUST BE WITHIN 90 DAYS OF DETENTION FROM 20 APR 1993, THE
PETITIONER WAS NEVER INDICTED BY 20 MAY 1993, AND MADE HIGH RISK ON 25
MAY 1993, ON 24 JUN 1993, THE PETITIONER WAS SENT TO FCI MEDIUM BUTNER NC
FOR EVALUATION, ON 20 OCT 1993 THE PETITIONER WAS MADE A TERRORIST PURSUANT
TO 8:1226A AND REQUIRING EVERY SIX MONTHS WRIT HABEAS CORPUS REVIEW BY
THE U.S. ATTORNEY GENERAL AND THE DIRECTOR OF THE SECRET SERVICE ALSO
PURSAUNT TO 18:871, 879 OF 1751 DIRECTOR ALSO EVERY SIX MONTHS.  SINCE
THESE DATES NO REPORT WAS SUBMITTED IN OVER 14 YEARS 7 MONTHS 15 DAYS
THE ONLY THING SENT WAS A STATUES HEARING CERTIFICATE SIGNED BY THE JUDGE,
STAYING THE RELEASE OF THE PETITIONER FOR NO REASON.  on 27 APR 1993,
THE PUBLIC DEFENDER CHARLES KRAMER OF NDVA., WAS INFORMED IF THE PETITIONER
WAS NOT UNDER THE AUTHORITY OF THE VETERANS AFFAIRS AND IN CONTACT WITH
REGIONAL COUNSEL VETERANS AFFAIRS OF WASHINGTON THE PUBLIC DEFENDER WOULD
BE RELEIVED.  ON 17 MAY 1993, THE PETITIONER WAS ABLE TO HAVE TYPED THREE
COPIES OF THE RELEIVING ORDER OF THE PUBLIC DEFENDER AND THE PETITIONER
APPONTED PRO SE: UNTIL OUTSIDE COUNSEL COULD BE OBTAINED.

THE PETITIONER HAS NEVER BEEN ALLOWED WITH ANY OF HIS LEGAL
REPRESENTATIVES OF THE JUDGE ADVOCATE GENERAL OFFICES OF THE NAVY AND
MARINE CORPS IN WASHINGTON D.C. OR NC.,  REGIONAL COUNSEL VETERANS AFFAIRS
IN WASHINGTON D.C. AND NC., GENERAL COUNSEL SECURITY SERURITY IN WASHINGTON
D.C. AND ATLANTA GA., ESQUIRE THOMPSON MANASS VA FOR PROCEEDINGS AGAINST
DEPARTMENT OF THE NAVY, VETERANS AFFAIRS, SOCIAL SECURITY, WASHINGTON

CONTINTUTION OF CLA_III DEFENDANTS DID TO VIOL_E YOUR RIGHTS

D.C. POLICE DEPARTMENT, HOUSE OF REPRESENTATIVES, OFFICE OF THE INSPECTOR
GENERAL OF THE U.S. CONGRESS CONGRESS AND OTHER PROCEEDINGS INVOLVING
DEPARTMENT OF JUSTICE MINUS BUREAU OF PRISONS AND MINUS PUBLIC HEALTH
SERVICE.  TWO ATTORNEYS IN CHICAGO IL., SHEEHAN AND SULLINS, POSTCONVICTIONS
IN ATLANTA GA., CURRENTLY THE COURT IS TRYING TO FORCE PUBLIC DEFENDERS
REPRESENTATIION, AND THE PETITIONER ONLY ALLOWS DUBOIS AT RELEASE HEARING
15 JUN 1994, AND PEARCE CAUSE OF COMMITMENT HEARING, BOTH AS ASSISTANT
COUNSEL, AND THE CASE WAS PRO SE: SINCE THE PETITIONER LEGAL FIRM POST-
CONVICTIONS FOR CRIMINAL AND CIVIL SUIT AGAINST THE U.S. GOVERNMENT,
SINCE 20 OCT 1993, THRU PRESENT.

THE ONLY HEARING THE PETITIONER EVER HAD WAS A STATUS HEARING
WITH THE EDNC ON 5 DEC 2007, THE RELEASE HEARING WAS 15 JUN 1994, AND
WAS NOT REALLY A HEARING JUST A FORMAL PROCESS THE JUDGE HAD TO GO THRU
TO RELEASE THE PETITIONER, AND THE PETITIONER WAS NEVER RELEASED, AND
WAS 14 AUG 1994, ILLEGALLY COMMITED, AS A 4246, THE COMMITMENT IS CURRENTLY
IN APPEALS COURT RICHMOND VA., UNDER CONSTESTMENT INVIOLATION THE
CONSTITUTION RIGHTS OF THE PETITIONER.

THE PETITIONER HAS FILED PETITIONS EVER SIX MONTHS SINCE 20 OCT
1993, THRU PRESENT THE BUREAU OF PRISONS WITH HELD THE LEGAL MAIL FOR
TEN YEARS AND TRIED TO RETURN THE LEGAL MAIL AS UNDELEVERABLE IN 15 DEC 04
AND AGAIN ON 15 JAN 2005.  THE PETITIONER HAS CAUGHT THE BUREAU OF PRISONS
AND THE DISTRICT COURT MISMANAGING THE PETITIONER, PETITIONS, PULLING
APART THE PETITIONS AND PLACING THE PETITIONS IN DIFFERENT COURTS,
TRANSFERING PETITIONS TO OTHER COURTS WITHOUT LEGAL JUSTIFICATIONS OR
INFORMATION PROVIDED TO THE PETITIONER AS TO THE REASONS FOR THE TRANSFERS.

FRCP RULE 43, PRESENCE OF THE DEFENDANT: PRESENCE REQUIRED (A)
THE DEFENDANT SHALL BE PRESENT AT THE ARRAIGNMENT, AT TIME OF PLEA, AT
EVERY STAGE OF THE TRIAL INCLUDING THE IMPANELING OF THE JURY AND THE
RETURN OF THE VERDICT, AND AT THE IMPOSITION OF SENTENCE, EXECPT AS
OTHERWISE PROVIDED BY THIS RULE.  (C) PRESENCE NOT REQUIRED.  A DEFENDANT
NEED NOT BE PRESENT (1) WHEN REPRESENTED BY COUNSEL AND THE DEFENDANT IS
AN ORGANIZATION AS DEFINED IN 18 USC § 18.  THE PETITIONER IS NOT AN
ORGANIZATION AND CANNOT BE REPRESENTED BY COUNSEL IN ABSENCE OF THE
PETITIONER.  (2) WHEN THE OFFENSE IS  PUNISHABLE BY FINE OR BY IMPRISONMENT
FOR NOT MORE THAN ONE YEAR OR BOTH, AND THE COURT, WITH THE WRITTED CONSENT
OF THE DEFENDANT, PERMITS ARRAIGNMENT, PLEA, TRIAL, AND IMPOSITION OF
SENTENCE IN THE DEFENDANTS ABSENCE, THE DEFENDANT HAS NEVER REQUESTED

CONTINTUTION OF CLAIM III DEFENDANTS DID TO VIOLATE YOUR RIGHTS

A ABSENCE FROM A LEGAL PROCEEDING ECECPT FOR 5 DEC 2007, A STATUS
HEARING WITH EDNC., AND THE OUTCOME OF THE HEARING WAS TOLD TO THE
PETITIONER ON 20 OCT 2007, THAT THE RELEASE OF THE PETITIONER WAS TO
BE DENIED.  (3) WHEN THE PROCEEDING INVOLVES ONLY A CONFERENCE OR HEARING
UPON A QUESTION OF LAW; OR (4) WHEN THE PROCEEDING INVOLVES A CORRECTION
OF SENTENCE UNDER RULE 35.  FRCP (43)(C)(3) IS THE REASON THE PETITIONER
REQUESTED ABSENCE FROM THE PROCEEDINGS, BUT ON 4 DEC 2007, EDNC COURT
ORDER DIRECTED THE PETITIONER TO APPEAR, AND THE PETITIONER APPEARED AS
ORDERED.  FRCP (43) N6, COMMITMENT HEARING, RULE 43 REQUIRES THAT PERSON
SOUGHT TO BE COMMITTED TO MENTAL INSTITUTION BE PRESENT AT HEARING ON
ISSUE OF COMMITMENT.  MARTIN V SETTLE (1961, WD MO) 192 F SUPP 156.

RULE (43)(A) HAS NO DIRECT APPLICATION IN HABEAS CORPUS PROCEEDINGS
WHICH IS RESTRICTED TO DENIALS OF CONSTITUTIONAL RIGHTS; HOWEVER POLICIES
WHICH UNDERLINE SCOPE OF INQUIRY AND PRESUMPTION OF PREJUDICE IN RULE
(43)(A) CASES APPLY WITH EQUAL FORCE TO ALLEGED VIOLATIONS OF CONSTITUT-
IONAL DUTIES, BURSON V ENGLE (1997, ND OHIO) 432 F SUPP 929 AFFD WITHOUT
OP (1979, CA6 OHIO) 595 F2D 1222, CERT DEN (1979) 442 US 944, 61 L ED
2D 316, 99 S CT 2890.

SUPREME COURTS DECISION THAT FCRP 43 PROHIBITS TRIAL IN ABSENTIA
OF DEFENDANT NOT PRESENT AT BEGINNING OF TRIAL APPLIED RETROACTIVELLY TO
DEFENDANT WHERE DEFENDANT MOVED TO VACATE, SET ASIDE, OR CORRECT HIS
SENTENCE ON GROUND THAT TRIAL IN ABSENTIA VIOLATED THE RULE, NOTWITHSTANDING
THAT THE SAME ISSUE WAS DECIDED AGAINST HIM ON APPEAL AND THAT ISSUE
DECIDED ON APPEAL HORMALLY WILL NOT BE CONSIDERED IN COLLATERAL CHALLENGE.
BUT SUPREME COURT DECISION WAS ISSUED AFTER APPEAL AND BEFORE DEFENDANT
FILED MOTION.  CHARLES V UNITED STATES (1995, ND W VA) 896 F SUPP 584.

PURSUANT TO 18:4246 N 11.  CERTIFICATION AND NOTICE, ALTHOUGH
INITIAL COMMITMENT OF DEFENDANT WHO WAS SUBJECT OF PROBATION REVOCATION
PROCEEDINGS WAS VALID BASED ON FINDING THAT HE LACKED NENTAL COMPETENCE
TO PARTICIPATE IN PROCEEDINGS, DISTRICT COURT IMPROPERLY EXTENDED COMMIT-
MENT UNDER 18:4246 BEYOND 4 MONTHS PERIOD AUTHORIZED BY 18:4241 BASED
ON FINDING THAT DEFENDANT SUFFERED MENTAL DISEASE OR DEFECT AND THE HIS
RELEASE WOULD POSE SUBSTANTIAL RISK OF INJURY TO ANOTHER PERSON, WHERE
CERTIFICATE REQUIRED BY 4246 HAD NOT BEEN FILED WITH COURT IN DISTRICT
WHERE DEFENDANT WAS CONFINED, DEFENDANT WAS NOT NOTIFIED THAT CERTIFICATE
HAD BEEN FILED, AND DEFENDANT DID NOT RECEIVE CONSTITUTIONALLY ADEQUATE
NOTICE OF CLAIMS HE HAD TO DEFEND AGAINST IN ORDER TO PREVENT EXTENSION

OF COMMITMENT FOR INDEFINITE PERIOD. UHITED STATES V BAKER (1986, CA6
TENN) 807 F2D 1315. PURSUANT TO 18:4245 N 2 OPPORTUNITY TO BE PRESENT
AT HEARING, INMATE, WHO HAD SAID HE WANTED TO BE PRESENT AT 18:4245
COMMITMENT HEARING, WAS NOT GIVEN REQUISITE "OPPORTUNITY" TO BE PRESENT
AT HEARING PURSUANT TO 18 4247, EVEN THOUGH COUNSEL HAD ATTEMPTED TO
CONTACT INMATE DURING RECESS OF COMMITMENT HEARING AND INMATE WAS NON-
RESPONSIVE TO GUARDS EFFORTS TO HAVE HIM COME TO PHONE, INMATE EITHER
SHOULD HAVE BEEN BROUGHT TO COURT OR COURT SHOULD HAVE TRAVELED TO FEDERAL
MEDICAL CENTER, UNITED STATES V FRIERSON (2000, CA1 MASS) 208 F3D 282.
PURSUANT TO 18:4244 AND 4245 (CONVICTED AND SENTENCED) ARE CLASSIFIED
AS PRISONERS ALSO TO PRISONER LITIGATION REFORM ACT, THEY ARE ALSO
PRISONERS FOR PUNITIVE PUNISHMENT, NOT NON PUNITIVE PUNISHMENT, CIVILLY
COMMITED OR COMMITMENT HEARING PURSUANT TO 4141, 4242, 4243, 4246, 4248,
ARE NOT ENTITLED TO VIDEO CONFERENCING TECHNOLOGY THE USE OF VIDEO CAMERAS,
 MICROPHONES AND TELEVISIONS, DID NOT VIOLATE CONSTITUTIONAL DUE PROCESS
RIGHTS AS LONG AS THE DEFENDANT WAS PRIORLY CONVICTED AND SENTENCED
BY THE COURT. CIVILLY COMMITED AND NON PUNITIVE DETAINMENT ARE NOT
PRISONERS. VIDEO CONFERENCING DOES NOT ALLOW TO PROVIDE AN OPPERTUNITY
TO TESTIFY, TO PRESENT EVIDENCE, TO SUBPOENA WITNESSES ON ITS BEHALF
AND TO CONFRONT AND CROSS EXAMINE WITNESSES WHO APPEAR AT THE HEARING.
THE VIDEO CONFERENCING TECHNOLOGY IS NO MORE THAN A STAUTS HEARING. IS
CONDUCTED THE SAME, PURSUANT TO 28:1915 CIVILLY COMMITED ARE NOT PRISONERS.
THE PETITIONER PETITIONED THE COURT WITH GUIDELINES FOR THE HEARING AND
THE EDNC DISAPPROVED ALL REQUEST TO HAVE THE HEARING HELD IN DUE PROCESS
OF TITLE 28 JUDICIAL PROCDURES.

PURSUANT TO 18:4248(G) RELEASE TO STATE OF CERTAIN OTHER PERSONS
TO INCLUDE FEDERAL AGENICE (VETERANS AFFAIRS), IF THE DIRECTOR OF THE
FACILITY IN WHICH A PERSON IS HOSPITALIZED OR PLACED PURSUANT TO THIS
CHAPTER CERTIFIES TO THE ATTORNEY GENERAL THAT A PERSON, AGAINST WHOM ALL
CARGES HAVE BEEN DISMISSED FOR **REASONS NOT RELATED TO THE MENTAL CONDITION
OF THE PERSONN**, IS A SEXUALLY DANGEROUS PERSON, THE ATTORNEY GENERAL SHALL
RELEASE THE PERSON TO THE APPROPRIATE OFFICIAL OF THE STATE IN WHICH THE
PERSON IS DOMICILED OR WAS TRIED FOR THE PURPOSE OF INSTITUTION OF STATE
PROCEEDINGS FOR CIVIL COMMITMENT. IF NEITHER SUCH STATE WILL ASSUE SUCH
RESPONSIBILITY, THE ATTORNEY GENERAL SHALL RELEASE THE PERSON UPON RECEIPT
OF NOTICE FROM THE STATE THAT IT WILL NOT ASSUME SUCH RESPONSIBILITY, BUT
NOT LATER THAN 10 DAYS AFTER CERTIFICATION BY THE DIRECTOR OF THE FACILITY.
WARDEN HADDEN ON 24 MAY 1994, FILED A CERTIFICATE THE STATE WOULD NOT
ACCPET RESPONSIBILITY OF THE PETITIONER, SHOULD HAVE BEEN RELEASED 24 JUN 94.

OR FMC ROCHESTER MN., EVER CONTACTED ANY STATE OR FEDERAL AGENCY CONCERN-
ING THE PLACEMENT OF THE PETITIONER.  THE AGENCY IS TO BE CONTACTED
FIRST THEN START TREATMENT EVALUATIONS, THIS ALLOWS THE ABGNCY TO PROVIDE
REQUIREMENTS OF PLACEMENT.  BUREAU OF PRISONS AWAITS UNTIL THE COURT
HAS PROVIDED A RELEASE ORDER THEN THE BUREAU OF PRISONS CONTACT THE
AGENCIES. "THE AGENCY IS TO BE CONTACTED FIRST" NOT TO BE CONTACTED
LAST.

PURSUANT TO 18:4245 Nl APPLICABLILITY, "TREATMENT" IS NOT DEFINED
BY 18:4205, NOR DOES STATUE AUTHORIZE UNITED STATES TO **FORCIBLY ADMINISTER
PSYCHOTROPIC DRUGS**, WHENEVER IT BELIEVES APPROPRIATE.  UNITED STATES V
WATSON (1990, CA8 MO) 893 F2D 970 VACATED ON REH EN BANC (1990,
CA8) 900 F2D 1322 AND VACATED, APP DISMD (1990, CA8) 1990 US APP LEXIS
9524, AND CERT DEN (1990) 497 US 1006, 111 L ED 2D 754, 110 S CT 3243.

PROPRIETY OF VIEDO HEARING IS PURSUANT TO FOR 18:4244 AND 4245,
NOT 4241, 4242, 4243, 4246, 4247, 4248.  THE VIDEO CONFERENCING OF 5
DEC 2007 BETWEEN EDNC AND FMC ROCHESTER MN., WAS NOT A CONFERENCING
FOR HEARING PURSUANT DUE PROCESS AND TITLE 28 WAS NO MORE THEN A STATUS
HEARING AND PURSAUNT TO FRCP (42)(C) PRESENCE NOT REQUIRED (3) WHEN THE
PROCEEDING INVOLVES ONLY A CONFERENCE OR HEARING UPON A QUESTION OF
LAW OR STATUS OF AN INDIVIDUAL.  EDNC JUDGE BRITT HAD NO AUTHORITY TO
REQUIRE THE PETITIONER TO ATTEND THE PROCEEDING, AND COULD HAVE BEEN
CANCELED BY A SIMPLE CERTIFICATE BY THE WARDEN STATING STATUS OF THE
PETITIONER, THE PETITIONER REQUESTED A CERTIFICATE FROM THE WARDEN ON
21 AUG 2007, AND THE WARDEN REFUSED TO ACCEPT ANY WRITS OR INSTRUCTIONS
CONCERNING THE WRITS IN VOIOLATION OF 18:GENERALLY AND 28:GENERALLY ALL
WRITS WRITTEN BY THE INMATES OF THEIR FACILITY THE DIRECTOR AND THE
U.S. ATTORNEY WILL RECEIVE A COPY OF ALL WRITS, INVOLVING THE CUSTODY
OF INMATES IN THEIR JURISDICTION.  THE WARDEN ALSO REFUSES TO RELEASE
LEGAL MAIL TO LEGAL REPRESENTATIVES, U.S. ATTORNEYS AND COURTS.  THE
PETITIONER HAS BEEN ALSO DENIED CONTACT WITH LEGAL REPRESENTATIVES OF
THE INSPECTOR GENERAL OFFICES (HHS), (VA) (USN) (USMC) (USA) (USAF) (DOJ)
CONGRESS (IG), SECRETARY OF STATE (C. RICE), AMBASSADOR OF FRANCE AND
ENGLAND.  THE PETITIONER HAS REQUESTED TRANSFER FROM FCI AND FMC BUTNER
NC., AND FMC ROCHESTER MN., NONE APPROVED, TRANSFERED TO VETERANS AFFAIRS
NEVER APPROVED, NO STATE AGENCY CAN BE INVOLVED SINCE 42:417 THE STATE
WILL TURN OVER ALL VETERANS TO THE VETERANS AFFAIRS FOR CUSTODY, THE
PETITIONER IS RETIRED USN/USMC, VETERANS AFFAIRS AND EARLIER RETIREMENT
UNDER SOCIAL SECURITY. PURSUANT TO 18:3006A(3)(B) WAIVED REPRESENTATION

CONTINTUTION OF CLAIM III DEFENDANTS DID TO VIOLATE YOUR RIGHTS. THIS
STATEMENT WAS PRIORLLY OF ALL STATMENTS FOR 4241, 4243, 4346, AND NOW
4248, BUT DELEATED FROM. THIS IS FOR ONLY DANGEROUSNESS TO SELF AND
OTHERS WITH CHARGES DISMISSED NOT DUE TO MENTAL CONDITION. THE PETITIONERS
PENDING INDICTMENT WAS DISMISSED 14 JUN 1994, WITHOUT PREJUDICE, AND THE
NOTICE FOR THIS DISMISSAL WAS SENT FROM NDVA TO ECNC ON 15 MAY 1994,
AND WARDEN FILED CERTIFICATE ON 24 MAY 1994.

PURSUANT TO 18:4246 N7, INVOLUNTARY MEDICATION, INVOLUNTARY
ADMINISTRATION OF PSYCHOTROPIC MEDICATION TO CRIMINAL DEFENDANTS INCOMPET-
ENT TO STAND TRIAL IS IMPROPER UNDER 18:4246, WHERE PSYCHIATRIST TESTIFIED
DEFENDANTS WERE CAPABLE OF MAKING THEIR OWN DECISIONS ON THEIR PSYCHIATRIC
CARE AND SIDE EFFECTS OF MEDICATION ARE AMONG REASONS DEFENDANTS REFUSE
TO TAKE IT, BECAUSE GOVERNMENT DID NOT SHOW DEFENDANTS ARE MENTALLY
INCOMPETENT TO MAKE SUCH DECISION UNITED STATES BALLARD (1987, EDNC
704 F SUPP 620. (JUDGE BRITT SENIOR JUDGE OF EDNC DECISION). THE
PETITIONER WAS ILLEGAL FORCED MEDICATED ON THE BASIS THAT THE PETITIONER
WAS BEING TRANSFERED TO VETERANS AFFAIRS MEDCIAL CENTER (LAKESIDE) CHICAGO
IL., 15 JUN 1994, THE PETITIONER WAS NEVER RELEASED AND TOOK THE PETITIONER
UNTIL 15 DEC 2002 TO BE ALLOWED TO FINALLY TO COME OFF PSYCHOTROPIC AND
ANTI-PSYCHIATRIC MEDICATIONS. THE PSYCHIATRIST HERBEL OF FMC BUTNER NC.,
STATED DURING THIS PERIOD NOTHING WORKED, THE PETITIONER TOLD THE BOP
ON 24 JUN 1993, THE PETITIONER HAS ADDISON DISEASE, WHICH CONTAINS
MALABSORPTION, ALL MEDICATIONS MUST BE MONITORED OTHERWISE DO NOT WORK
THE PETITIONER PASSES THE MEDICATIONS OUT, WITHOUT NO ABSORPTION OF ANY
OR SOME MEDICATIONS. THE PETITIONER HAS BEEN OFF THESE MEDICATIONS JUST
OVER FIVE YEARS, AND ON 5 DEC 2007, PSYCHIATRIC LEWIS OF FMC ROCHESTER
MN., STATED TO THE COURT EDNC., NO MEDICATIONS WILL EVER WORK ON THE
PETITIONERS MENTAL CONDITION.

PURSUANT TO 18:4246 N4 ARRANGEMENTS FOR STATE CUSTODY AND CARE
(THIS ALSO APPLIES TO VETERANS AFFAIRS FACILITIES), AFTER EXPIRATION OF
TIME LIMIT FOR DETENTION SET BY 18:4241 PROVIDING FOR TEMPORARY CUSTODY
OF DEFENDANT JUDGED INCOMPETENT TO STAND TRIAL, FEDERAL CUSTODY CAN BE
CONTINUED ONLY IF EFFORTS ARE FIRS MADE TO FIND STATE TREATMENT FACILITY
FOR THE INDIVIDUALS PURSUANT TO 4246. UNITED STATES V CHARTERS (1987,
CA4 VA) 829F2D 479, DIFFERENT RESULTS REACHED ON OTHER GROUNDS ON REH,
EN BANC, REMANDED (1988 CA4 VA) 863 F2D 302, CERT DEN (1990) 494 US
1016, 108 L ED 2D 493, 110 S CT 1317. IN (15) NEITHER FCI, OR FMC BUTNER

CONTINTUTION OF CLA~ III DEFENDANTS DID TO VIC~ATE YOUR RIGHTS

BY COUNSEL AND REQUESTED PRO SE: STATUS SINCE 27 APR 1993, PUBLIC
DEFENDER DUBOIS WAS ONLY ASSIST COUNSEL POSTCONVICTIONS WAS PRIME
COUNSEL, PEARCH WAS ONLY ASSIST COUNSEL POSTCONVICTIONS WAS PRIME
COUNSEL AND WHEN POSTCONVICTIONS IS NOT ALLOWED TO ATTEN PROCEEDINGS
THE PETITIONER IS PRIME COUNSEL PRO SE:  NO PUBLIC DEFEDNAER HAS EVER
BEEN APPOINTED DIRECT COUNSEL OR WILL EVER BE.  THE BUREAU OF PRISONS
AND FCI AND FMC BUTNER NC., BOTH HAVE INTERFERED IN OBTAINING LEGAL
COUNSEL WITH DAVIDSON PRIOR JUDGE ADVOCATE GENERAL U.S. AIRFORCE,
RETIRED, VIENNA VA., FOR PROCEEDINGS IN DISTRICT OF COLUMBIA, VETERANS
OF FOREIGN WARS, AMERICAN VETERANS, AMERICAL LEGION, JEWISH WAR VETERANS
BLACK ATTORNEYS ASSOICATION WASHINGTON D.C., BLACK FEMALE ATTORNEYS
ASSOICATION WASHINGTON D.C..

"THE PETITIONERS MENTAL PROBLEMS/CONDITION IS PRISON NEUROSIS, FROM
MEDICAL MALPRATICES, OF PSYCHOLOGIST/PSYCHIATRIST/PHYSICIANS, FOR FALSE
IMPRISONMENT, OR MALICIOUS PROSECUTION AS AFFECTED BY CLAIM OF SUPPRESSION
FAILURE TO DISCLOSE, OR FAILURE TO INVESTIGATE EXCULPATORY EVIDENCE,
81 ALR4TH 1031"

THE PETITIONER HAS NEVER SUFFERED FROM DELUSION, DELUSION IS NOTHING
BUT A DIFFERNCE OF AN OPINION, DIFFERENCE OF RELIGIOUS BELIEFS, DIFFERENCE
EDUCATION, DIFFERENCE BACKGROUND, DIFFERENCE OF RACE, CREED, OR COLOR.
PERSECUTION IN BELIEF HAS NEVER BEEN A PROBLEM.  THE PETITIONER WAS BORN
IN AUSCHWITZ POLAND 1 PAR 1944, MOTHER ANNA A15083 WAS A POLISH PROSTITUTE
EXECUTED AFTER BIRTH OF SON, (FATHER WAS A GERMAN OFFICER), ANNA WAS A
PROSTITUTE SINCE AGE 12 EXECUTED AGE 16.  SON TAKEN TO WARSAW GHETTO BECAME
PART OF THE FRENCH FOREIGN LEIGON, 2½ YEARS THEN SERVED AGAIN FFL IN
FRENCH INDO CHINA 6½ YEARS 1948 THRU 1954.  HAS SUFFERED FROM NEUROSES,
FROM CENTRAL NERVOUS SYSTEM AND AUTOIMMUNE DISORDER AND (PTSD) FROM BIRTH.
SERVED 14 YEARS IN USMC WITH THREE TOURS VIETNAM.  NEUROSES YES BUT NEVER
DELUSION OR PERSECUTION.  HAS HAD PROBLEMS WORLD WIDE WITH THE DEPARTMENT
OF THE NAVY AND MARINE CORPS CATHOLIC ARCHDIOCESE OF CHICAGO IL., AND
THE CHICAGO IL. POLICE DEPARTMENT AND RELATIVES THERE OF.

"THE FAMILY UNIT PERMANENTLY ENDED BECAUSE OF CONSPIRACY OF THE U.S.
NAVY, U.S. MARINE CORPS, CATHOLIC ARCHODICESE OF CHICAGO IL., CHICAGO
IL., POLICE DEPARTMENT AND RELATIVE THERE OF 28 OCT 1973 (35) YEARS AGO
NO ONE WANTS TO HEAR THE SITUATION JUST THE FAMILY IS PERMANENTLY OVER."

## D. CLAIMS*

### CLAIM IV

The following civil right has been violated:

THE PETITIONER HAS A PETITION FILED IN DISTRICT COURT WASHINGTON D.C. FOR FALSE IMPRISONMENT, WAREHOUSING AND DENIAL OF MEDICAL TREATMENT NO CASE NUMBER HAS BEEN ASSIGNED AS OF TODAY. A PROCEEDING IN DISTRICT OF NC., RALIEGH NC., CASE NO 5:07-CT-3158-FL FOR A HEARING WITH THE STAFF AND OFFICERS OF FEDERAL CORRECTION COMPLEX BUTNER NC., WITH THE PRESIDENT OF THE U.S., GOVERNOR OF N., CONGRESSMAN AND SENATOR OF NC., FOR THE TERMINATION OF CIVILLY COMMITED UNDER U.S. ATTORNEY GENERAL AUTHORITY AND TO TRANSFER THIS AUTHORITY TO SECRETAY OF HEALTH AND HUMAN SERVICE, WITH ALL CIVILLY COMMITED INMATES TO BE PLACED IN THE CAMPS AND THESE CAMP PLACED IN CUSTODY OF THE STATE OF JURISDICTION PAID FOR BY THE SECRETARY OF HEALTH AND HUMAN SERVICES, REMOVAL OF ALL 18:4244/5 FROM SECRETARY OF HEALTH CUSTODY, AND PLACED IN FMC FOR PUNITIVE TREATMENT ALL 4241, 4242, 4243, 4246, AND 4248 ARE CIVILLY COMMITED AND SHOULD BE TREATED AS CIVILLY COMMITED AND NOT AS PRISONERS. 18:4244 AND 18:4245 ARE CONVICTED AND SENTENCED PRISONERS MENTAL HEALTH, TREATED AS PRISONERS.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

THE PROCEEDINGS IN EDNC WITH THE PRESIDENTAL PARTY AND STAFF AND OFFICERS FCC BUTNER NC.,. WAS PRIORLLY SUBMITTED IN THE U.S. COURT OF FEDERAL CLAIMS UNDER (6) PETITIONS (1) EACH FOR EACH REGIONAL DIRECTOR OFFICE OF THE BUREAU OF PRISONS, FOR THE INVESTIGATION OF THE BUREAU OF PRISONS, 42:1983 AND ONE 28:2241 FOR ALL MENTAL HEALTH BUREAU OF PRISONS FACILITIES THROUGHT OUT THE U.S. TO TERMINATE MENTAL HEALTH CUSTODY UNDER THE U.S. ATTORNEY GENERAL AND RELEASE EVERONE OUTSIDE OF 4244/5 FROM CUSTODY. TWO PETITIONER FILED IN THE SAME COURT FOR SPECIAL MASTERS TO BE APPOINTED TO (1) INVESTIGATE NC., (2) CA., THEN ALL OTHER DISTRICTS AND REGIONAL DIRECTORS FACILITYES THROUGH OUT BUREAU OF PRISONS, ALL PROCEEDINGS NEVER LEFT FCC BUTNER NC., NO CASE NUMBERS WERE EVER ASSIGNED IN WASHINGTON D.C. FOR THE 2241 AND 42;1983 USCFC WASHINGTON D.C. THIS COURT TRANSFERED THE PROCEEDINGS TO EDNC AND NOTHING WAS EVER HEARD OF THE INVESTIGATIONS OF THE BUREAU OF PRISONS FOR FALSE IMPRISONMENT, WARE-HOUSING AND DENIAL OF MEDICAL TREATMENT.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CONTINTUTION OF CLAIM IV DEFENDANT DID TO VIOLATE YOUR RIGHTS

THE PETITIONER REQUESTED THE TERMINATION OF MENTAL HEALTH CIVILLY
COMMITED FROM THE U.S. ATTORNEY GENERAL CUSTODY.  THE U.S. ATTORNEY WAS
GIVEN CUSTODY IN 1775, WITH THE CONTINTUTIONAL CONGRESS, IN THE APPOINTMENT
OF THE U.S. ATTORNEY GENERAL UNDER THE SECRETARY OF JUSTICE.  PURSUANT
TO 24:225(4) FINDINGS AND PURPOSES:  SINCE ITS ESTABLISHMENT BY CONGRESS
IN 1855, SAINT ELIZABETHS HOSPITAL, HAS DEVELOPED INTO A RESPECTED
NATIONAL MENTAL HEALTH HOSPITAL AND STUDY, TRAINING, AND TREATMENT
CENTER, PROVIDING A RANGE OF QUALITY MENTAL HEALTH AND RELATED SERVICES
INCLUDING:
(I) ACUTE AND CHRONIC INPATIENT PSYCHIATRIC CARE:
(II) OUTPATIENT PSYCHIATRIC AND SUBSTANCE ABUSE CLINICAL AND RELATED
SERVICES:
(III) **FEDERAL COURT SYSTEM FORENSIC PSYCHIATRY REFERRAL, EVALUATION,
AND PATIENT TREATMENT SERVICES FOR PRISONERS,  AND FOR INDIVIDUALS
AWAITING TRIAL OR REQUIRING POST-TRIAL OR POST-SENTENCE PSYCHIATRIC
EVALUATION.**
(V)  DISTRICT OF COLUMBIA COURT SYSTEM FORENSIC PSYCHIATRY REFERRAL,
EVALUATION, AND PATIENT TREATMENT SERVICES FOR PRISONERS, AND FOR
INDIVIDUALS AWAITING TRIAL OR REQUIRING POST-TRIAL OR POST SENTENCE
PSYCHIATRIC EVALUATION:
PUBLIC LAW 98-621 OF NOV 8 1984, GAVE THE AUTHORITY TO HOUSE
EVALUATIONS, STUDIES, MENTAL HEALTH, PSYCHIATRIC CARE TO THE SECRETARY
OF DEPARTMENT OF JUSTICE ATTORNEY GENERAL OF THE UNITED STATES.  THIS
AUTHORITY WAS FOR ONLY CONVICTED 4244 AND 4245 SENTENCED MENTAL HEALTH,
THE SECRETARY OF HEALTH AND HUMAN SERVICES WAS TO BE RESPONSIBLE FOR
CIVILLY COMMITED TO INCLUDE 4241, 4242, 4243, 4246, AND 4248.  THE
GUIDE LINES FOR BUREAU OF PRISONS MENTAL HEALTH IS TO BE INCARCERATED
THE SAME AS PRISONER CONVICTED AND SENTENCED BUT HELD SEPERATED, AND
TO SEPERATE MEDICATED FROM NON MEDICATED.  THE BUREAU OF PRISONS PLACES
A DETAINEES, CIVILLY COMMITED, PRE-TRIAL, CONVICTED AND SENTENCED,
PROTECTIVE CUSTODY IN ONE PLACEMENT WITHOUT SEPERATION.  THE RULES ARE
THE SAME AS FOR ALL THE PRISONER LITIGATION REFORM ACT, AND ITS PROVISIONS
OF THE PAST AND FUTURE.  PRE-TIRAL WAS IN CONTROLLED HOUSING WITH GENERAL
POPULATION PRIVILEGS, AT THE MEDIUMS ONLY.  ONCE THEY WERE CONVICTED
AND SENTENCED, WAS TRANSFERED TO APPROPRIATE CUSTODY TO THEIR SENTENCE,
UNLESS BY COURT COMMITED AS 4244/5 AND SENTENCED TO FEDERAL MEDICAL
CENTER, FOR THEIR SENTENCE.  CIVILLY COMMITED 4241, 4242, 4243, 4246,
AND

CONTINTUTION OF CLA   IV DEFENDANT DID TO VIOLA   YOUR RIGHTS

AND 4248, WAS TO BE RLEASED TO THE STATE FOR RESPONSIBLITY OR FEDERAL
AGENCY (VETERANS AFFAIRS), EITHER UNCONDITIONALLY OR CONDITIONALLY
RELEASED.  SOME RELEASED THRU CONDITIONAL DISCHARGE, OR DISMISSAL OF
COMMITMENT BY LAW, AND RELEASED.  THE MEDIUMS WHERE THE ONLY FACILITIES
WHICH HAD CONTROLLED HOUSING WITH MENTAL HEALTH SERVICES, ALL OF THE
OTHER FACILITIES HAD ONLY PSYCHOLOGICAL SERVICES.  INDIVIDUALS AT THE
MEDIUMS WERE ALLOWED IN GENERAL POPULATION AFTER (90) DAYS WITHIN THEIR
EVALUATIONS, AND MANY WERE PLACED IN GENERAL POPULATION HOUSING SEPERATE
FROM SENTENCED, PENDING THEIR DISPOSITION OF THEIR CASES.

        PURSUANT TO 4241-4248, THE WARDEN UPON RECEIPT OF AN INDIVIDUAL
FOR MENTAL HEALTH IS TO CONTACT THE STATE OF RESIDENCE FOR PLACEMENT
OR FEDERAL AGENCY (VETERANS AFFAIRS), BUREAU OF PRISONS DOES NOT CONTACT
ANYONE CONCERNING ANY PLACEMENT UNTIL THE COURT GAVE A NOTICE FOR RELEASE
THE BUREAU OF PRISONS IS TO MAKE CONTACT AND SUPPLIED THE INFORMATION
TO THE COURT AND INDIVIDUAL FOR THE RELEASE OF THE INDIVIDUAL TO THE
STATE OR FEDERAL AGENCY.  IF THE STATE OF FEDERAL AGENCY REFUSES TO
ACCEPT CUSTODY OF THE INDIVIDUAL THE INDIVIDUAL IS TO BE RELEASE WITHIN
10 DAYS OF RECEIPT OF THE DENIAL.  THIS IS FOR INDIVIDUALS WHO CHARGES
HAVE BEEN DISMISSED WITHOUT PREJUDICE, OR DISMISSED **NOT** TO MENTAL CONDITION.
EVEN IF THE INDIVIDUAL IS DECLARED DANGEROUS TO SELF AND OTHERS, MUST
BE **DUE** TO MENTAL CONDITION, **IN ORDER TO BE COMMITED AS 4241, 4243, 4246,
4248,** PURSUANT TO DISPOSITION HEARING PURSUANT TO 4247(D), NO HEARING
NO COMMITMENT, CHARGES MUST BE DISMISSED DUE TO MENTAL CONDITION, CERT-
IFICATE FOR STAY OF RELEASE IS NOT DISMISSAL OF CHARGES BY MENTAL CONDITION.
IT STARTS THE 10 DAYS FOR THE RELEASE OF THE INDIVIDUAL WHEN CHARGES
WERE DISMISSED WITHOUT PREJUDICE OR NOT DUE TO MENTAL CONDITION, OF
DISEASE OR DEFECT, EVEN IF THE PERSON IS DANGERNESS TO SELF AND OTHERS.

        BUREAU OF PRISONS DOES NOT CONTACT OTHER GOVERNMENT AGENCIES,
STATE AGENCIES FOR PLACEMENT OF INDIVIDUALS.  THE PETITIONER HAS BEEN
ILLEGALLY DETAINED BY BUREAU OF PRISONS ON THE BASIS THERE IS NOTHING
AVAILABLE EITHER IN THE STATE OR VETERANS AFFAIRS, FOR (15) YEARS.  THE
PETITIONER HAS TRIED TO PETITIONER VETERANS AFFAIRS REGIONAL COUNSEL,
GENERAL COUNSEL SOCIAL SECURITY, JUDGE ADVOCATE GENERAL USN, USMC, USA,
USAF, AMBASSADOR OF FRANCE AND ENGLAND, TO PROVIDE INFORMATION OF RIGHTS
AND ENTITLEMENTS OF THE PETITIONER, FOR PROCEEDINGS IN NC., WASHINGTON D.C.
KANSAS CITY MO, AND FOR TELEVISED PROCEEDINGS FMC ROCHESTER MN., NEVER
ALLOWED ANY COMMUNICATIONS WITH ANY OF THE PETITIONER LEGAL REPRESENTATIVES.

CONTINTUTION OF CLA   IV DEFENDAT DID TO VIOLA   YOUR RIGHTS

PURSUANT TO THE INSPECTOR GENERALS ACT FOR ALL DEPARTMENTS OF
THE UNITED STATES GOVERNMENT AND MILITARY AGENCIES IS THE SAME, EVERY
TWO YEARS TO INSPECT ALL AGENCIES OF THE AREA OF RESPONSIBILITY, PROVIDING
REGIONAL INSPECTED ONCE A YEAR, IF REGIONAL DID NOT INSPECT ONCE A YEAR
THEN THE INSPECTOR GENERAL IS TO INSPECT ANNUALLY.  TO INSPECT ANY
FACILITY WOULD TAKE AT LEAST TWO WEEKS, WITH A TEAM OF ABOUT 100 TO 125
EVALUATORS.  THE SECRETARY OF HEALTH AND HUMAN SERVICE IS RESPONSIBLE
FOR INSTITUTIONALIZED INDIVIDUALS AND SECRETARY OF JUSTICE IS RESPONSIBLE
FOR INDIVIDUALS IN CUSTODY OF THE U.S. ATTORNEY GENERAL AND BUREAU OF
PRISONS.  THEREFOR THESE TWO INSPECTOR GENERALS SHOULD HAVE INVESTIGATE
FCC BUTNER NC., AND FMC ROCHESTER MN., (15) TIMES IN THE LAST (15) YEARS
THE PETITIONER WAS PART OF THE DEPARTMENT OF THE NAVY AND U.S. MARINE
CORPS INSPECTOR GENERALS INSPECTION TEAMS FOR OVER 16 YEARS, AND VERY
WELL INFORMED OF THE RESPONSIBILITIES OF THE INSPECTOR GENERAL OF ALL
DEPARTMENT SINCE THE REGULATIONS ARE ALL THE SAME FOR EACH DEPARTMENT.
THE PETITIONER HAS WRITTEN THE INSPECTOR GENERALS OF BOTH AGENCIES OVER
THE LAST (15) YEARS WITH NO RESPONSE.  ON 15 DEC 2004, CASE MANAGER KING
FMC BUTNER NC., TRIED TO RETURN LEGAL MAIL ADDRESSED TO INSPECTOR GENERALS
LEGAL REPRESENTATIVES, COURTS, (FEDERAL, STATE, AND MUNICIPAL), ALL
WERE RETURNED AS UNDELIVERABLE FROM STATES OF CA., IL., VA., MD., GA.,
FL., NC., WASHINGTON D.C. THE PETITIONER REFUSED TO ACCEPT UNDELIVERABLE
LEGAL MAIL, ON 15 JAN 2005, THE CORRECTION COUNSELOR MCKEITHEN TRIED TO
RETURN THE SAME LEGAL MAIL AS UNDELEIVERABLE, THE PETITIONER REFUSED TO
ACCEPT ANY LEGAL MAIL RETURNED AS UNDELEIVERABLE.

IF THE PETITIONER HAS COOPERATION AND DELEVERANCE OF MAIL THE
MATTERS THE PETITIONER IS INVOLVED IN WOULD HAVE BEEN OVER STARTING 55
YEARS AGO.  SOME TIME AFTER 1 SEP 1946 A BLACK FLAG FILED WAS STARTED
BY THE CENTRAL INTELLIGENCE AGENCY BEFORE WAS KNOWN AS OFFICE OF STRATEGIC
SERVICE AND AFTER 1947 CIA, ALSO INVOLVED IS THE U.S. ATTORNEY GENERAL
AND SECRETARY OF THE NAVY.  ON 28 FEB 1984, MS HOUSKA SOCIAL SECURITY
OFFICE RIVERSIDE ISSUED A 100% UNCOOPERATIVE ORDER TO COVER UP THE BLACK
FLAG FILE BOTH ARE BLACKBALLING OF AN INDIVIDUAL. IN VIOLATION DUE PROCESS
SOCIAL SECURITY HAS REFUSED TO OR FAILED TO APPEARED TO RESEND THE 100%
UNCOOPERATIVE ORDER IN CA., IL., VA., NC., WASHINGTON D.C. THRU PRESENT
THIS 100% UNCOOPERATIVE ORDER HAS BEEN INEFFECT FOR 25 YEARS, AND THE
BLACK FLAG FILE OVER 62 YEARS.

## E.  REQUEST FOR RELIEF

### I BELIEVE THAT I AM ENTITLED TO THE FOLLOWING SPECIFIC RELIEF:

FOR THE DEFENDANTS NOT TO INTEFER WITH THE PROCEEDINGS IN EDNC CASE NO 5:07-CT-3158, FOR THE TERMINATION OF CIVILLY COMMITED UNDER THE AUTHORITY OF U.S. ATTORNEY GENERAL AND TRANSFER THE AUTHORITY TO SECRETARY OF HEALTH AND HUMAN SERVICES (STATE OF JURISDICTION) VETERANS AFFAIRS FOR 18:4141, 4242, 4243, 4246, AND 4248.  FOR THESE CIVILLY COMMITED TO BE PROCESSED BY THE SECRETARY OF HEALTH AND HUMAN SERVICES ADMINSTRATIVE LAW JUDGES AND SPECIAL MASTERS APPOINTED.  TRANSFER OF ALL CAMPS FROM FEDERAL BUREAU OF PRISONS CUSTODY TO SECRETARY OF HEALTH AND HUMAN SERVICES AND STATE OF JURISDICTION FOR OPERATION, TREATMENT AND RELEASE OF INDIVIDUALS PURSUANT TO LAW OF THE FEDERAL OR STATE GOVERNMENTS. COST OF CAMPS PAID FOR BY SECRETARY OF HEALTH AND HUMAN SERVICES.  REMOVAL OF ALL NON-4244/5 FROM BUREAU OF PRISONS AND U.S. ATTORNEY CUSTODY AND TRANSFER THEM TO CUSTODY OF SECRETARY OF HEALTH AND HUMAN SERVICES AUTHORITY.  ACCEPTENCE OF CIVIL AGENCIES I.E. (SALVATION ARMY), (GOODWILL), (AMERICAN VETERANS), OTHER NON PROFIT ORGANIZATIONS WHICH DEALS WITH HOMELESS AND MENTAL HEALTH ACCEPTENCE OF VETERANS AFFAIRS, PUBLIC HEALTH SERVICES, DEPARTMENT OF DEFENCE OTHER GOVERNMENT AGENCIES FEDERAL AND STATE ASSISTANCE IN THE RETURNING INDIVIDUALS TO PRODUCTIVE LIVES IN THE CIVILIAN COMMUNITY.

AT THIS PROCEEDING THE PRESIDENT OF THE U.S. GOVERNOR NC., SENATOR NC., AND CONGRESSMAN NC., WILL BE MEETING WITH FOR THE DIRECTION OF THE REORGANIZATION OF MENTAL HEALTH CIVILLY COMMITMENTS TO CIVIL CONTROL. FEDERAL CORRECTION COMPLEX (FEDERAL MEDICAL CENTER) BUTNER NC., IS TO BE THE HIGEST TECHNICAL COMPUTERIZED MEDICAL CENTER OF BUREAU OF PRISONS) MENTAL HEALTH IS ADMINISTRATIVE SEGREGATION 12-16 HOURS DAILY LOCKDOWN TWO MAN CELLS, SEGRETATION 24/7 LOCKDOWN, DISCIPLINARY SEGREGATION 24/7 LOCKDOWN, ADMINISTRATIVE DETENTION 24/7 LOCKDOWN, MENTAL HEALTH AND CADRE, AND THE OTHER TWO WARDS OF THE MEDICAL CENTER WOULD QUALIFY UNDER BUREAU OF PRISONS STANDARDS AS A UNITED STATES PENITENTIARY HOSPICE. THE PETITIONER WAS AT THE FEDERAL MEDICAL CENTER BUTNER NC., FROM 2 NOV 2000 THRU 14 AUG 2007 WITHOUT BEING OUTSIDE OF THE BUILDING AND ITS COURTYARD EVEN ONCE DURING THIS PERIOD.  FEDERAL MEDICAL CENTER ROCHESTER, DEVENS, SPRINGFIELD AND OTHER FMC ARE CONTROLLED HOUSING WITH GENERAL POPULATION PRIVILEGES, CADRE AT FMC BUTNER NC., HAS NO GENERAL POPULATION PRIVILEGS, THEY NEVER LEAVE THE CONFINE OF THE BUILDING EXECPT FOR THE COURTYARDS. FEDERAL CORRECTION INSTITUTION (MEDIUM) AND (MEDIUM-HIGH), HAVE CONTROLLED

### E.  REQUEST FOR RELIEF

I BELIEVE THAT I AM ENTITLED TO THE FOLLOWING SPECIFIC RELIEF:
HOUSING USED FOR EVALUATIONS FOR PRE-TRIAL, STUDIES, AND EVALUATIONS,
THESE (MEDIUMS), CAN HANDLE ANY EVALUATION, STUDY AND PRE-TRIAL STUDIES,
AFTER THEY ARE CONVICED 4244 AND SENTENCED 4245 SHOULD BE SENT TO THE
FEDERAL MEDICAL CENTERS FOR PUNITIVE CUSTODY AS PRISONERS.  WHILE AT
THE (MEDIUMS) THEY ARE CIVILLY COMMITED AND NON-PUNITIVE.  AT THE (MEDIUM)
THERE ARE CORRECTIONS OFFICERS AS GUARDS, THEY ARE SUPPLMENTED BY PHYSICIANS
NURSES, PHYSICIANS ASSISTANCE, DENTAL PHYSICIANS AND TECHNICIANS, WHO
STAND WATCHES AS GUARDS, CORRECTION COUNSELORS, CASE MANAGERS, MENTAL
HEALTH UNIT MANGERS AND PSYCHIATRIST AND PSYCHOLOGIST DO NOT STAND WATCHES
BECAUSE THEY ARE ALWAYS BEING THREATEN, ASSAULTED BY INMATES OF THE
CONTROLLED HOUSING AREA.  ALSO IN THE CONTROLLED HOUSING AREA ARE HOMOSEXUALS
SEXUAL PREDATORS, PROTECTIVE CUSTODY OF THE U.S. ATTORNEY GENERAL OR A
WARDEN OF THE CURRENT FACILITY OR PRIOR FACILITY.  NON-PUNITIVE DETAINEES
AFTER (90) DAYS ARE ENTITLED TO BE RELEASED TO GENERAL POPULATION AT THEIR
SECURITY LEVEL.  THE PETITIONER WAS NEVER CHARGED OR INDICTED SHOULD HAVE
BEEN SENT TO THE CAMP AT BUTNER NC,. OR PETERSBURG VA., PENDING DISPOSITION
OF CASE. THE PETITIONER HAS BEEN A 18:4241 SINCE 24 JUN 1993, NOT 14 JUN 94,
FROM DISTRICT CLERK ALEXANDRIA VA., NOT EDNC RALEIGH NC.,.  ALL STUDIES
AND EVALUATIONS FOR COURT SOULD BE RETURNED TO THE (MEDIUMS) AND ONLY
CONVICTED AND SENTENCED TO FEDERAL MEDICAL CENTERS FOR PUNITIVE CUSTODY
MENTAL HEALTH AND SENTENCED ARE TO BE INCARCERATED IN THE SAME CANTONMENT,
BUT SEPERATED FROM EACH OTHER AND SEPERATED FROM MEDICATED AND NON MEDICATED,
AND SEPERATED FROM PROTECIVE CUSTODY.  THE PETITIONER WAS NEVER CHARGED
AND PENDING INDICTMENT WAS DISMISSED WITHOUT PRJUDICE, AND SHOULD OF BEEN
RELEASE NO LATER THEN 4 JUN 1994, INSTEAD WAS ILLEGAL COMMITED WITHOUT
HEARING FROM 4241 to 4246, WHICH IS UNDER APPEAL IN 4TH CIRCUIT APPEAL
COURT RICHMOND VA.,.  ALSO IN THE MEDIUMS ARE DISCIPLINARY SEGREGATIONS
UNITS CALLED SECLUSION THIS IS ILLEGAL FOR PRE-TRIAL AND CIVILLY COMMITED,
DISCIPLINARY SEGREGATION IS FOR ONLY FOR PUNITIVE DETENTION, CIVILLY
COMMITED ARE NOT PUNITIVE CUSTODY.  SECLUSION AS A LOCKED, ISOLATED AREA
OF GENERAL POPULATION FOR TIME OUT AND OBSERVATION OF THE CIVILLY COMMITED
OF CIVIL DETAINEE.  PUNITIVE CUSTODY ("PRISONERS") ARE NOT BE IN SECLUSION.
AT THE FEDERAL MEDICAL CENTER ROCHESTER THEY HAVE A MURPHY OR MARTIN UNIT
WHICH IS ACTUALLY SECLUSION, AND SHOULD BE USED ONLY FOR MENTAL HEALTH.
THE SPECIAL HOUSING UNIT IS A SATELLITE DISCIPLINARY SEGREGATION UNIT,

E.   REQUEST FOR RELIEF

I BELIEVE THAT I AM ENTITLED TO THE FOLLOWING SPECIFIC RELIEF:
FOR THE STAFF AND OFFICERS TO INCLUDE THE WARDENS, PSYCHIATRIST,
PSYCHOLOGIST, MEDICAL STAFF, CORRECTIONS OFFICERS TO PROVIDE REASON FOR
THE CUSTODY OF U.S. ATTORNEY GENERAL SHOULD REMAIN FOR CIVILLY COMMITED
AND BUREAU OF PRISONS SHOULD REMAIN CONTROL OF CIVILLY COMMITED, IN MIXED
INCARCERATION IN THE SAME CANTONMENT, MIXING NON-MEDICATED WITH MEDICATED
TREATING NON PUNITIVE, CIVILLY COMMITED AS PRISONERS WHEN THE PRISONER
LITIGATION REFORM ACTS STATES THEY SHOULD BE TREATED DIFFERENTLY, HOUSED
DIFFERENTLY, AND TREATED DIFFERENTLY AND NOT CANTANKEROUSLY, STAFF AND
OFFICERS OF THE BUREAU OF PRISONS.

IF THE COURT AND PRESIDENTAL PARTY CAN ALLOW THE CIVILLY COMMITED
TO BE REMOVED FROM U.S. ATTORNEY GENERAL CUSTODY AND BUREAU OF PRISONS
CUSTODY TO SECRETARY OF HEALTH AND HUMAN SERVICES AND STATE CUSTODY,
IN THE PRIORLLY CORRECTION CAMPS, ASSISTED BY OTHER FEDERAL AGENCIES,
VETERANS AFFAIRS, U.S. PUBLIC HEALTH SERVIES, CIVIL ORGANIZATIONS LIKE
SALVATION ARMY, GOODWILL, AMERICAN VETERANS, AND OTHER CIVIL ORGANIZATIONS
FOR CIVILLY COMMITED TO BE RETURNED TO THE (MEDIUMS) AND CONVICTED AND
SENTENCED TO THE FEDERAL MEDICAL CENTERS.  FOR THE PUBLIC DEFENDERS OFFICE
TO PROCESS REQUEST FOR DISCHARGE HEARINGS, WRITS OF HABEAS CORPUS, AND
COMMITMENT HEARINGS WITH PRESENCE OF THE CIVILLY COMMITED AND DETAINEES
IN COURT.   THE VIDEO CONFERENCING IS FOR ONLY PRIORLLY CONVICTED AND
SENTENCED AND IS NOT TO BE USED BY MENTAL HEALTH CIVILLY COMMITED OR
DETAINEES, PURSUANT TO 4147 REQUIRE A FORMAL HEARING WITH PRESENCE OF
DETAINEE OR CIVILLY COMMITED.  PURSUANT TO 4244 AND 4245 ONLY CONVICTED
AND SENTENCED ARE AUTHORIZED VIDEO CONFERENCING, PRE-TRIAL ARRAIGNMENT,
IS ALSO AUTHORIZED TO USE VIDEO CONFERENCING, VIDEO CONFERENCING VIOLATES
DUE PROCESS OF THE SIXTH AMENDMENT OF THE INDIVDUAL AND OTHER AMENDMENTS
OF THE U.S. CONSTITUTION.  VIDEO CONFERENCING IS A STATUS HEARING TO
REVIEW THE STATUS OF THE CONVICTED OR SENTENCED AS 4244/5, PURSUANT TO
RULE (43)(C) PRESENCE NOT REQUIRED (3) WHEN THE PROCEEDING INVOLVES ONLY
A CONFERENCE OR HEARING UPON A QUESTION OF LAW.  PURSUANT TO 4141-4248
ALL REQUIRED A FORMAL HEARING IN PRESENCE OF COURT WITH PRESENCE OF THE
INDIVIDUAL INVOLVED, WITH LEGAL COUNSEL, LEGAL COUNSEL CANNOT REPRESENT
INDIVIDUAL NOT PRESENT IN COURT WITHOUT THE INDIVIDUAL WRITTEN CONSENT
TO NON PRESENCE PURUSNT TO RULE (43)(B)(3) AFTER BEING WARNED BY THE COURT
THAT DISRUPTIVE CONDUCT WILL CAUSE THE REMOVAL OF THE DEFENDANT FROM THE

## E.  REQUEST FOR RELIEF

I BELIEVE THAT I AM ENTITLED TO THE FOLLOWING SPECIFIC RELIEF:
COURTROOM, PERSISTS IN CONDUCT WHICH IS SUCH AS TO JUSTIFY EXCLUSION FORM
THE COURTROOM.   FOR THE U.S. ATTORNEY FOR EACH DISTRICT COURT TO SUBPOENA
ALL INDIVIDUALS WHO WERE COMMITED WITHOUT DUE PROCESS HEARING PURSUANT TO
4247(D), AND UNABLE TO CHALLENGE THE DECISION, OR WHOM WERE NEVER INFORMED
OF THE COMMITMENT, TO BE BROUGHT FORTH TO THE COURT AND ALLOW A PROPER
HEARING AND RIGHT TO APPEAL THE DECISION OF COMMITMENT IN THE APPROPRIATE
CIRCUIT COURT OF THEIR JURISDICTION.   FOR THE PUBLIC DEFENDER TO ASSIST
IN THE INCOURT HEARING AND DISALLOW ALL VIDEO CONFERENCING UNLESS THE
INDIVIDUAL HAS BEEN CONVICTED AND SENTENCED.   FOR THE U.S. ATTORNEY TO
HOLD ALL SPECIAL VERDICT HEARINGS WITHIN (40) DAYS OF THE VERDICT FOR
ACQUITTEE BY REASON OF INSANITY 4243, AND SPECIAL VERDICT DISMISSAL OF
CHARGES DUE TO MENTAL CONDITION WITHIN ALSO (40) DAYS OF THE SPECIAL
VERDICT BOTH FOR EITHER RELEASE OF COMMITMENT.   FOR U.S. ATTORNEY TO
HOLD RELEASE HEARING FOR ANYONE WHO CHARGES DISMISSED WITHOUT PREJUDICE
OR DECLARED DANGEROUS WITHOUT CHARGES AND NOT DUE TO MENTAL CONDITION DUE
DISEASE OR DEFECT WITH (10) DAYS OF THE REJECTION OF THE STATE OR FEDERAL
AGENCY (VETERANS AFFAIRS) RECEIVED BY THE U.S. ATTORNEY OR BUREAU OF
PRISONS RECEIPT OF REJECTION. PURSUAT TO 4141-4248.   CERTIFICATE FILED
FOR STAY OF RELEASE OF AN INDIVIDUAL DUE TO DANGEROUS TO SELF AND OTHERS
DUE TO DISEASE OR DEFECT IS INSUFFICIENT TO DISMISS CHARGES. ONLY DELAY
THE RELEASE OF THE INDIVIDUAL UNTIL HEARING FOR COMMITMENT OR RELEASE
HAS BEEN HELD.   THE PETITIONER PENDING INDICTMENT WAS DIMSISSED WITHOUT
PREJUDICE, THE PETITIONER REQUESTED RELEASE HEARING TO VETERANS AFFAIRS,
WARDEN REQUESTED RELEASE HEARING U.S. ATTORNEY REQUESTED RELEASE HEARING
NO RELEASE HEARING EVER HELD.   THE PETITIONER HAS NEVER BEEN TO COURT AND
HAS NEVER BEEN RELEASED IN (15) YEARS OF CUSTODY TO THE U.S. ATTORNEY
GENERAL.   FOR THE U.S. ATTORNEY TO PROCESS ALL WRITS FOR RELEASE FOR
INDIVIDUALS FROM U.S. ATTORNEY CUSTODY WITH THE PUBLIC DEFENDER, PURSUANT
TO 8:1226A SUSPECTED TERRORIST EVERY SIX MONTHS, AND TO DIRECTOR OF THE
UNITED STATES SECRET SERVICE PURSUANT TO 18:871, 879 OR 1751 EVERY SIX
MONTHS CONCERNING DANGEROUS TO THE OFFICE OF THE PRESIDENT OF THE UNITED
STATES OR ANY OTHER GOVERNMENT OFFICIAL.

WARDEN BEELER, PSYCHIATRIST HERBEL, ZULA, PSYCHOLOGIST JUNKER, COCHRAN
OTHER STAFF AND OFFICERS OF THE FEDERAL MEDICAL CENTER AND COMPLEX BUTNER
NC., HAVE SINCE 24 JUN 1993, THRU PRESENT DEMANDED THE HEARING WITH THE

## E.  REQUEST FOR RELIEF

I BELIEVE THAT I AM ENTITLED TO THE FOLLOWING SPECIFIC RELIEF: PRESIDENT, GOVERNOR, SENATOR AND CONGRESSMAN WITH THE DISTRICT COURT RALEIGH NC., THE PETITIONER DOES **NOT** WANT SEE THE PRESIDENT, GOVERNOR, SENATOR OR CONGRESSMAN.  ON 2 JAN 1921 THE PETITIONER REQUESTED MAST WITH THE VICE PRESIDENT NIXON CONCERNING THE DEPARTMENT OF THE NAVY AND MARINE CORPS NO VETERANS AFFAIRS NO SOCIAL SECURITY NO STATE OF CA., TO BE HELD IN LOS ANGELES CA., DISTRICT COURT, ON 17 NOV 1983, REQUESTED MAST WITH PRESIDENT REAGAN CONCERNING DEPARTMENT OF THE NAVY AND MARINE CORPS, NO STATE OF CA., NO VETERANS AFFAIRS NO SOCIAL SECURITY, CONCERNING FIVE ARMED FORCES SENATE SUB COMMITTEES WHICH PRESIDENT REAGAN COULD USE IN HIS SECOND UP COMMING ELECTION.  NEITHER MAST PROCEEDINGS WAS EVER HELD OR RESPONDED TO BY EITHER PRESIDENT.  20 JAN 1993, THE PETITIONER WROTE A MAILGRAM TO PRESIDENT CLINTON CONCERNING THE CLOSING OF MILITARY FACILITIES, AND THE PROBLEMS IT WILL CAUSE, THE PETITIONER OFFERED THE PRESIDENT CLINTON TO MEET WITH HIM IN CA., IL., OR VA., THE MAILGRAM WAS NEVER SENT ON 20 PAR 1993, THE PETITIONER WAS DETAINED FOR DAMAGING A USPS POSTAL BOX WITH A RIFLE PLACING TWO DENTS IN THE MAIL BOX, IN THE PETITIONERS ROOM WAS THIS MAILGRAM, AND ON THE EVENING THE PETITIONER WAS SECRET INTERRGATED BY THE U.S. SECRET SERVICE AT THE MANASSAS VA.., PRINCE WILLIAM COUNTY JAIL, CONCERNING THE MAILGRAM, WHICH WAS NEVER SENT OR DID NOT INTERFER WITH THE LIFE OF THE PRESIDENT.  ON 20 JAN 2001 THE PETITIONER WROTE PRESIDENT BUSH A LETTER IF HE WISH TO MEET THE PETITIONER WOULD ON THE FOLLOWING BASIS, (1) CO-JOINT SESSION OF BOTH HOUSES OF THE U.S. CONGRESS, (2) CO-JOINT SESSION OF THE UNITED NATIONS, (3) CO-JOINT SESSION OF ALL GOVERNORS OF THE UNITED STATES, TO BE HELD IN FRONT OF THE ROSE GARDEN AT THE WHITEHOUSE LAWN IN WASHINGTON D.C..  THE PETITIONER REALLY DID NOT WANT TO MEET WITH PRESIDENT BUSH SO WROTE A SITUATION THE PRESIDENT WOULD NOT APPROVED.  IN THE LETTER THE PETITIONER STATED HE WOULD NOT INTERFER WITH THE OFFICE OF PRESIDENT BUSH IN ANY WAY SHAPE OR FORM.  THE STAFF AND OFFICERS, DISTRICT COURTS IN WASHINGTON D.C. MD., VA., NC., IL., CA., HAVE ALWAYS BEEN CANTANKEROUS FOR ANY PROCEEDING IN COURT, AND THE STAFF AND OFFICERS OF FCC BUTNER NC., AND FMC ROCHESTER MN., HAVE BEEN CANTANKEROUS DEMANDING A MEETING WITH THE PRESIDENT AND PRESIDENTAL PARTY.  THERE IS NOTHING THE PETITIONER CAN DO FOR THE PRESIDENT AND NOTHING THE PRESIDENT CAN DO FOR THE PETITIONER.  THE PETITIONER DOES NOT WANT TO MEET WITH ANY PRESIDENT EXECPT AS MAST WITH DEPARTMENT OF

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

THIS PETITION HAS NOTHING TO DO WITH THE SECRETARY OF THE NAVY PROCEEDINGS IN THE DISTRICT OF COLUMBIA (COMMITTEES 5 ECHO E DISABILITH REVIEW, TWENTY EIGHT SEVEN ARMED FORCES SENATE SUB COMMITTEES INTO THE U.S. CONGRESS THRU THE INSPECTOR GENERAL OF THE HOUSE OF REPRESENTATIVES, AND COMMITTEE 4 DELTA D POLICE HARASSMENT HEARING CA., IL., VA., INTERNAT- IONAL, AND INTERSTATE), NOR THE DEPARTMENT OF THE NAVY PROCEEDINGS IN DISTRICT OF CENTRAL CA., LOS ANGELES, WITH DEPARTMENT OF THE NAVY AND MARINE CORPS, CATHOLIC ARCHODICESE OF LOS ANGELES CA., LOS ANGELES CA., POLICE DEPARTMENT, LOCKHEED MARTIN AIRCRAFT CORPORATION AND BANK OF AMERICA. DISTRICT CLERK WITH SPECIAL AGENT BUREAU OF INVESTIGATION OF LOS ANGELES CA., IS INVOLVED. THIS PROCEEDING DOES NOT INVOLVE THE BUREAU OF PRISONS OR PUBLIC HEALTH SERVICE. THE PROCEEDINGS IN WASHINGTON D.C. AND RALEIGH NC., DO INVOLVE BUREAU OF PRISONS AND PUBLIC HEALTH SERVICE, IN RALEIGH NC., (CAUSE OF COMMITMENT), CASE NO 5:07-CT-3158 WITH THE PRESIDENTAL PARTY AND STAFF AND OFFICERS BUTNER NC., THE PROCEEDING IN WASHINGTON D.C. THAT INVOLVE BUREAU OF PRISONS AND PUBLIC HEALTH SERVICE IS THE 28:2331 FALSE IMPRISONMENT, WAREHOUSING AND DENIAL OF MEDICAL TREATMENT, OF THE PETITIONER.

IT IS REQUESTED THE DISTRICT COURT WASHINGTON D.C. AND DEFENDANTS ASSIST THE PROCEEDINGS IN DISTRICT RAEIGH NC., COURT AN ENCOURAGE THE PRESIDENTAL PARTY TO GO TO RALEIGH NC., AND FOR STAFF AND OFFICERS OF FCC BUTNER NC., TO ENTER AGREEMENTS INTO THE REORGANIZATION OF CIVILLY COMMITMENT AND MENTAL HEALTH CUSTODY OF THE U.S. ATTORNEY GENERAL, TO THE CUSTODY OF SECRETARY OF HEALTH AND HUMAN SERVICES AND THE STATES OF JURISDICTION AND TO TURN OVER CAMPS TO THE STATES AND HHS FOR CUSTODY OF CIVILLY COMMITED NON PUNITIVE. UNDER 18:4243 IF THE INDIVIDUAL SHOULD BE REQUIRED EXTENSIVE TIME THEN FIND THE INDIVIDUAL GUILTY AND SENTENCE THEM TO 18:4244/5 AND SEND THEM TO FEDERAL MEDICAL CENTER FOR CUSTODY.

PAGE 38 OF 41

STANLEY A. SLUPKOWSKI PRO SE:

25 DEC 2007

_(Date)_

_(Signature of Plaintiff)_

F 07-2344
RWR

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

STANLEY A. Shipkowski

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DEFENDANTS**

USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-02344
Assigned To : Roberts, Richard W.
Assign. Date : 12/26/2007
Description: Pro Se General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

(☐) U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENS**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ **A.** *Antitrust* | ☐ **B.** *Personal Injury/ Malpractice* | ☐ **C.** *Administrative Agency Review* | ☐ **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>***(If Antitrust, then A governs)*** |

## ☐ **E.** *General Civil (Other)* OR ☐ **F.** *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>(☐) 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| □ G.  *Habeas Corpus/* *2255* | □ H.  *Employment* *Discrimination* | □ I.  *FOIA/PRIVACY* *ACT* | □ J.  *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| □ K.  *Labor/ERISA* *(non-employment)* | □ L.  *Other Civil Rights* *(non-employment)* | □ M.  *Contract* | □ N.  *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

■ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 usc 1983*

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>□   ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** □ YES   ■ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES   □ NO   If yes, please complete related case form.

**DATE**  *12/26/07*   **SIGNATURE OF ATTORNEY OF RECORD**   *NCD*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.